UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



CA NO. 03-12473REK

JOHN SYLVA, Administrator of the Estate of
CHARLES SYLVA,
    Plaintiff,

v.

CITY OF QUINCY, MICHAEL O'BRIEN,
GERRY NICHOLS, JAMES BORDEN,
KEVIN TOBIN, ROBERT CROWLEY,
and JOHN KELLY,
    Defendants.

## DEFENDANTS' ANSWER AND JURY CLAIM

The defendants, City of Quincy, Michael O'Brien, Gerry Nichols, James Borden, Kevin Tobin, Robert Crowley and John Kelley hereby answer the plaintiff's complaint as follows:

**I.**    **Preliminary Statement:**

1. The defendants neither admit nor deny the allegations contained in paragraph 1 as same are a preliminary statement. To the extent that factual allegations are asserted against them, the defendants deny same.

**II**    **Jurisdiction:**

2. The defendants neither admit nor deny the allegations contained in paragraph 2 as same are a statement of jurisdiction. To the extent that factual allegations are asserted against them, the defendants deny same.

**III**    **Parties:**

3. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 3.

4. The defendants admit the allegations contained in paragraph 4.

5. The defendants admit the allegations contained in paragraph 5.

1

6. The defendants admit the allegations contained in paragraph 6.
7. The defendants admit the allegations contained in paragraph 7.
8. The defendants admit the allegations contained in paragraph 8.
9. The defendants admit the allegations contained in paragraph 9.
10. The defendants admit the allegations contained in paragraph 10.

**IV    Facts:**

11. The defendants admit the allegations contained in paragraph 11.
12. The defendants admit only that the plaintiff was making certain statements relating to his observations. The defendants deny the remainder of paragraph 12.
13. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 13.
14. The defendants admit that they have had previous calls relating to the decedent. The defendants further admit that on occasion police transported plaintiff to the hospital. The defendants deny the remaining allegations contained in paragraph 14.
15. The defendants admit only that the decedent was in an agitated state. The defendants deny the remaining allegations contained in paragraph 15.
16. The defendants admit that due to the decedent's behavior the booking process was not completed and he was ordered to be temporarily placed in a cell. The defendants deny the remaining allegations contained in paragraph 16.
17. The defendants deny the allegations contained in paragraph 17.
18. The defendants deny the allegations contained in paragraph 18.
19. The defendants admit that the referenced general order refers to certain procedures for the care and custody of prisoners. The defendants further answer that the referenced general order and its contents speak for themselves.
20. The defendants admit the allegations contained in paragraph 20.
21. The defendants deny the allegations contained in paragraph 21.
22. The defendants admit that after the decedent was placed in a cell, he continued to make verbal noises. The defendants deny the remaining allegations contained in paragraph 22.

23. The defendants admit that the plaintiff at certain times moved about his cell and may have struck his head. The defendants deny the remaining allegations contained in paragraph 23.
24. The defendants deny the allegations contained in paragraph 24.
25. The defendants deny the allegations contained in paragraph 25.
26. The defendants deny the allegations contained in paragraph 26.
27. The defendants deny the allegations contained in paragraph 27.
28. The defendants deny the allegations contained in paragraph 28.
29. The defendants deny the allegations contained in paragraph 29.
30. The defendants deny the allegations contained in paragraph 30.
31. The defendants admit that the decent was observed in his cell at approximately 4:55 a.m.. The defendants deny the remaining allegations contained in paragraph 31.
32. The defendants deny the allegations contained in paragraph 32.
33. The defendants deny the allegations contained in paragraph 33.
34. The defendants deny the allegations contained in paragraph 34.
35. The defendants deny the allegations contained in paragraph 35.
36. The defendants deny the allegations contained in paragraph 36.
37. The defendants deny the allegations contained in paragraph 37.

**Count I**

38. The defendants reassert their responses to paragraphs 1-37 as if specifically restated herein.
39. The defendants deny the allegations contained in paragraph 39.
40. The defendants deny the allegations contained in paragraph 40.

**Count II**

41. The defendants reassert their responses to paragraphs 1-41 as if specifically restated herein.
42. The defendants deny the allegations contained in paragraph 42.

**Count III**

43. The defendants reassert their responses to paragraphs 1-42 as if specifically restated

herein.

44.  The defendants deny the allegations contained in paragraph 44.

**Count IV**

45.  The defendants reassert their responses to paragraphs 1-44 as if specifically restated herein.

46.  The defendants deny the allegations contained in paragraph 46.

47.  The defendants deny the allegations contained in paragraph 47.

Wherefore, the defendants demand judgment in their favor together with costs and attorneys fees.

## DEMAND FOR JURY TRIAL

The defendants request a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

### First

The plaintiff has failed to state a claim for which relief may be granted.

### Second

The individual defendants acted objectively reasonably under the circumstances and are qualifiedly immune from liability.

### Third

The defendants acted with probable cause and legal justification.

### Fourth

Any alleged injuries or damages sustained by the plaintiff were caused by his own illegal conduct.

### Fifth

The defendant says that the plaintiff and the plaintiff's decedent were more than fifty percent negligent in causing or contributing to the incident or injuries alleged and therefore, the plaintiff cannot recover, or any verdict or finding in its favor must be reduced

by the percentage of negligence attributed to said plaintiff.

**Sixth**

The plaintiff has failed to commence his action within the applicable statute of limitations.

Defendants,
By their attorney,

Douglas I. Louison  BBO# 545191
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Douglas I. Louison, hereby certify that on the __16__ day of __January__, 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to **Stephen B. Hrones, Esq.**, Hrones & Garrity, Lewis Wharf Bay 232, Boston, MA 02110

Douglas I. Louison

**MERRICK, LOUISON & COSTELLO, LLP**
ATTORNEYS AT LAW
67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110
TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merricklc.com

January 15, 2004

RECEIVED
IN CLERKS OFFICE

2004 JAN 20 P 3: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

Clerk- Civil Section
United States District Court
One Courthouse Way
Boston, MA 02110

RE:  **John Sylva v. City of Quincy, et al**
     **USDC CA No. 03-12473-REK**

Dear Sir/ Madame:

Enclosed please find the following for filing in reference to the captioned matter:

• Defendants' Answer and Jury Claim.

Thank you for your attention to this matter.

Very truly yours,

Douglas I. Louison

enclosure

xc:   Stephen B. Hrones, Esq.