UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO. 03-12473REK

**JOHN SYLVA, Administrator of the Estate of
CHARLES SYLVA,**
    **Plaintiff,**

v.

**CITY OF QUINCY, MICHAEL O'BRIEN,
GERRY NICHOLS, JAMES BORDEN,
KEVIN TOBIN, ROBERT CROWLEY,
and JOHN KELLY,**
    **Defendants.**

**DEFENDANTS OPPOSITION TO MOTION FOR RECONSIDERATION**

A.    **PROOF OF A SINGLE INCIDENT IS NOT SUFFICIENT TO ESTABLISH *MONELL* LIABILITY.**

Municipal liability under section 1983 cannot be based on *respondeat superior*. Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality liable under Section 1983 or the MCRA, a plaintiff must "identify a municipal 'policy' or 'custom' that caused his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997). Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992). A single incident of misconduct alleged in a complaint does not suffice to show a municipal policy. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985)(plurality opinion); See Also, Gallego v. Wilson, 882 F.Supp. 1169 (D.Mass. 1995)(dismissed plaintiff's municipal misconduct claim because a single alleged incident of individual misconduct cannot establish a municipal policy or custom).

-1-

The plaintiff must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference." Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576 (1st Cir. 1994).

More recently, this Circuit has stated that "assessing liability against the City requires two basic elements: first, that plaintiff's harm was caused by a constitutional violation, and second, that the City be responsible for that violation, an element which has its own components. Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005); citing Collins v. City of Harker Heights, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

The Young court went further by adding that "The sorts of Monell claims being alleged here--based on deficient training and hiring that helped cause the constitutional violation suffered by [plaintiff] should not be confused with the kind of claim that occurs where a municipal policy itself violates federal rights or directs or authorizes the violation of those rights." See County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 406-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "The standards in the latter sort of cases are quite different." Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005).

The Supreme Court, concerned that municipal liability based on fault by the City might collapse into de facto respondeat superior, has set a very high bar for assessing municipal liability under Monell. The alleged municipal action at issue must constitute a "policy or custom" attributable to a City. See, e.g., Silva v. Worden, 130 F.3d 26, 31-32 (1st Cir.1997). Further, the Supreme Court has imposed two additional requirements: 1) that the municipal policy or custom actually have caused the plaintiff's injury, and 2) that the municipality possessed the requisite level of fault, which

is generally labeled in these sorts of cases as "deliberate indifference." See County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); see also Bordanaro v. McLeod, 871 F.2d 1151, 1161-63 (1st Cir.1989). Causation and deliberate indifference are separate requirements, although they are often intertwined in these cases. Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005).

The Supreme Court stated in City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that an allegation of a local government's failure to train police officers who then violate a plaintiff's constitutional rights can be actionable where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" and where "the identified deficiency in a city's training program [is] closely related to the ultimate injury." Id. at 388, 391, 109 S.Ct. 1197; Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998) (Liability criteria for failure to train claims are "exceptionally stringent").

A training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing. See Canton, 489 U.S. at 391, 109 S.Ct. 1197; Grazier v. City of Philadelphia, 328 F.3d 120, 125 (3d Cir.2003); Young v. City of Providence, 404 F.3d 4 (1st Cir. 2005); Palmquist v. Selvik, 111 F.3d 1332, 1345 (7th Cir.1997) (where town gave police officers some training on handling suspects exhibiting abnormal behavior, argument that even more training should have been given failed). This is precisely what the plaintiff argues here.

This Court found that the City did in fact have a policy that dealt with providing medical care to mentally unstable inmates but, that the officers failed to abide by such policy. This the Court determined was probative of individual liability but not of the City's. The plaintiff argues here that the City must be liable because it failed to train officers properly or should have provided more

-3-

training on dealing with unstable inmates. These arguments are contrary to clearly established law as noted above.

The plaintiff's argument regarding handcuffing and/or restraints appears to be two sided. At first glance, the plaintiff argues that the City should be liable because it failed to implement a policy regarding handcuffing or restraint of unstable inmates. The plaintiff then argues that because a witness informed the police that the plaintiff was in fact handcuffed in the cell, a question of fact exists for a jury to determine whether or not the City was deliberately indifferent to the plaintiff's medical needs. The plaintiff cannot have it both ways. Either the officers handcuffed the plaintiff thus, applying some form of restraint which the plaintiff argues was necessary or they did not which the plaintiff asserts was also a violation. Either argument ignores the fact that the plaintiff's underlying claim that the alleged failure of the officers to seek medical attention for the plaintiff was the cause in fact of his death, not the use of restraint or lack thereof. Merely because the plaintiff disagrees with the method of restraint used by the defendants does not impute liability on the City.

## II.     CONCLUSION

Wherefore, the defendants respectfully request that the Court deny the plaintiff's motion for reconsideration.

        The defendants, City of Quincy, et al.
By its attorneys,


/s/James W. Simpson, Jr.
James W. Simpson, Jr., BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


## CERTIFICATE OF SERVICE

I, James W. Simpson, Jr., do certify that on the 25th day of August 2005, I served the foregoing on plaintiff's counsel.


/s/James W. Simpson, Jr.
James W. Simpson, Jr,