## INSTRUCTION NO.   1

    Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in Sec. 1983 cases.  <u>Memphis Community School District v. Stachura</u>, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

INSTRUCTION NO.   2

If you find that the plaintiff's rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations.  <u>Carey v. Piphus,</u> 435 U.S. 247 (1987).

INSTRUCTION NO. __3__

In considering the issue of plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Damages must not be based on speculation or sympathy because it is only actual damages - what the law calls compensatory damages - that are recoverable.

## INSTRUCTION NO.   4

You may not award any damages to the plaintiff based on loss or damage he sustained for his constitutional rights.  You may only award damages which were caused to them for violations of his constitutional rights and nothing else.   <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1st Cir. 1986).

**INSTRUCTION NO.   5**

If you find the defendants did not violate the plaintiff's constitutional rights, then you may not assess any damages.  <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1st  Cir. 1986)

## INSTRUCTION NO. __6__

If you find that the plaintiff suffered no injury, no compensatory damages can be awarded.  <u>Memphis County School District v. Stachura,</u> 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

## INSTRUCTION NO. __7__

The plaintiff's case is presented to the Court in the form of a complaint. The complaint is brought under a federal law that is known as Section 1983 of Title 42 of the United States Code. That law provides that any person may seek redress in this Court by way of damages against any person or persons who, under color of law, knowingly subject such person to the deprivation of a right protected by the United States Constitution. In this instance the Plaintiff's Complaint alleges that the plaintiff was deprived of their rights pursuant to the Eighth Amendment to the United States Constitution.

**INSTRUCTION NO.   8**

The plaintiff has the burden of proving by a preponderance of the evidence that the defendants had violated his constitutional rights.  You must be convinced that each element of the charges they bring more likely than not occurred as they described.

## INSTRUCTION NO.   9

    For the defendants to be liable, the plaintiff has the burden of proving by a preponderance of the evidence that whatever injuries they suffered were proximately caused by the conduct of the defendants. That is, you cannot find that the defendants violated the plaintiff's constitutional rights unless you find that there is a sufficient casual connection between the defendants' acts and the alleged injury. To determine whether there is an affirmative link between the defendants' acts and the alleged injury. <u>Fernandez v. Chardon</u>, 681 F. 2d 42, 55 (1st Cir. 1982), aff'd sub. <u>nom</u>. <u>Chardon v. Soto</u>, 103 S. Ct. 2611, 77 L. Ed. 2d 47 (1983); <u>Rizzo v. Goode</u>, 443 U.S. 362, 371 (1976).

INSTRUCTION NO.    10

The law grants governmental officials qualified immunity if their conduct is reasonable in light of clearly established statutory or constitutional law.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, (1982).  Even if the law is clearly established, you must still examine all the facts to determine if the conduct of the defendants was reasonable. <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034 (1987).

If you find that the defendants' conduct was reasonable in light of the law and particular facts then you must return a verdict for the defendants.

INSTRUCTION NO.   11

A public official has a qualified immunity and is thereby shielded from liability for civil damages if his conduct does not violate clearly established federal constitutional rights of which a reasonable person would have knowledge.  Harlow v. Fitzgerald, 457 U.S. 800 (1982); Anderson v. Creighton, 483 U.S. 635 , 107 S. Ct. 3034 (1987).

## INSTRUCTION NO.   12

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law".  <u>Hunter v. Bryant</u>, 116 L.Ed. 589 (1991).

## INSTRUCTION NO.   13

If a public officer....is either authorized or required, in the exercise of his judgment and discretion, to make a decision and the decision and acts are within the scope of his duty, authority and jurisdiction, he is not liable for negligence or other error in the making of that decision, at the suit of a private individual claiming to have been damaged thereby. This rule .... is limited to public officers acting in good faith, without malice and without corruption. Gildea v. Ellershaw, 363 Mass. 800 (1973).

## INSTRUCTION NO.   14

Under M.G.L. C. 12, Section 11I, a Plaintiff is required to establish that his/her exercise or enjoyment of rights secured by the United States and the Commonwealth have been interfered with by "threats, coercion or intimidation".  M.G.L. c. 12 § 11I

**INSTRUCTION NO.    15**

A defendant can be held liable under the Massachusetts Civil Rights Act only in situations that "involve an actual or potential physical confrontation accompanied by a threat of harm." Layne v. Superintendent, Mass. Correctional Inst., 406 Mass. 156, 546 N.E. 2d 166 (1989) See also Wiletts v. Roman Catholic Archbishop, 411 Mass. 202 (1991); Longval v. Commissioner of Correction, 404 Mass. 325, 535 N.E. 2d 588 (1988).

**INSTRUCTION NO. _____16_____**

You have the discretion to assess punitive damages in an action under 42 U.S.C. Sec. 1983 and M.G.L. c. 12 § 11H if and only if you find the police officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the plaintiff. <u>Smith v. Wade</u>, 461 U.S. 30, 103 S. Ct. 1625 (1983); <u>Larez v. City of Los Angeles</u>, 946 F.3d 630 (9th Cir. 1991). Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing. <u>Rosado v. Santiago</u>, 562 F. 2d 114, 121 (1st Cir. 1977).

## INSTRUCTION NO.  17

If you find that the plaintiff's injuries were the result of unintended conduct by the defendants, you may not award damages for any injuries resulting from such conduct.

Daniels v. Williams, 474 U.S. 335 (1986); Williams v. City of Boston, 7784 F. 2d 430, (1st Cir. 1986).

### INSTRUCTION No. 18

To evaluate whether or not the defendants have qualified immunity, you must "first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." Wilson v. Layne, __ U.S.___, 119, S.Ct. 1692, 1697 (1999).

**INSTRUCTION No.  19**
**State of Mind: General**

In order for the plaintiff to establish that he was deprived of a federal right under §1983, he must also show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendant officers were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant officers.  5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-75 (1998); <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-90 (1989); <u>Daniels v. Williams</u>, 474 U.S. 327, 336 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).

INSTRUCTION NO.    20

### State of Mind: Intentional

An act is intentional if it is done knowingly-that is, if it is done voluntarily and deliberately and not because of mistake, accident or negligence.  In determining whether the defendant officers acted with requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done; what the people involved said was in their minds; and your belief or disbelief with respect to those facts. 5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-76 (1999).

# INSTRUCTION NO. 21

The Eighth Amendment[1] prohibits punishments that are 'cruel and unusual'.  Farmer v. Brennan, 511 U.S. 825, 834 (1994) The Supreme Court in Farmer explained further by adding:

An official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious.....it must result in the denial of minimal civilized measure of life's necessities.......Second, the official must have sufficiently culpable state of mind, that is, the official must have deliberate indifference to the inmates health or safety.  Thus, to be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement, a prison official must know and disregard and excessive risk to inmate health or safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994); See also Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d. 60 (1st Cir. 2002).

---

[1]  While the provisions of the Eighth Amendment do not extend to pretrial detainees, the Due Process Clause of the Fourteenth Amendment provides them with "rights [which] are at least as great as the Eighth Amendment protections available to a convicted prisoner." Revere v. Massachusetts General Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); see also Henderson v. Sheahan, 196 F.3d 839, 844 n. 2 (7th Cir.1999) ("Although the Eight Amendment does not extend to pretrial detainees ... the Due Process Clause of the Fourteenth Amendment protects pretrial detainees under the same standard as the Eighth Amendment."); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir.1996) (same).

## INSTRUCTION NO. 22

A public official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994);  It is not enough that a reasonable official would or should have known that the prisoner was at risk: the official must actually know of and disregard the risk to incur culpability.  <u>Farmer</u>, 511 U.S. at 837-38.

INSTRUCTION NO. 23

Deliberate indifference means that "An official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. This standard, requiring an actual, subjective appreciation of risk, has been likened to the standard for determining criminal recklessness. See id. at 839-40 (holding that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment"); see also id. at 837-38 (citing to Model Penal Code § 2.02(2)(c) and noting that criminal recklessness requires a person to "consciously disregar[d] a substantial risk of serious harm"). Willful blindness and deliberate indifference are not mere negligence; these concepts are directed at a form of scienter in which the official culpably ignores or turns away from what is otherwise apparent. See Alsina-Ortiz v. LaBoy, 400 F.3d 77 (1st Cir.(Puerto Rico) Mar 09, 2005) (NO. 03-2611); citing Farmer, 511 U.S. at 839-40, 114 S.Ct. 1970; Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 92 (1st Cir.1994).

## INSTRUCTION NO. 24

A"serious medical need" is either one that a physician has diagnosed and deemed to require treatment, or one that is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir.1995) (quoting Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir.1990), *cert. denied,* 500 U.S. 956, 111 S.Ct. 2266, 114 L.Ed.2d 718 (1991)).
 judgment.