UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO. 03-12473MBB

JOHN SYLVA, Administrator of the Estate of
CHARLES SYLVA,
    Plaintiff,

v.

CITY OF QUINCY, MICHAEL O'BRIEN,
GERRY NICHOLS, JAMES BORDEN,
KEVIN TOBIN, ROBERT CROWLEY,
and JOHN KELLY,
    Defendants.

## DEFENDANTS' TRIAL MEMORANDUM

### COUNSEL

Counsel for Defendants,

Douglas I. Louison
James W. Simpson, Jr.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA
(617) 439-0305

Counsel for the Plaintiffs,

Jessica Hedges, Esq.,
Stephen Hrones, Esq.
Hrones, Hedges & Garrity
Lewis Wharf Bay 232
Boston, MA 02110

### THE DEFENDANTS INTEND TO HAVE THIS MATTER TRIED BEFORE A JURY

I.    CONCISE SUMMARY OF EVIDENCE

DEFENDANTS

This is a civil action in which the plaintiff, as the administrator of the estate of Charles Sylva, alleges in his complaint state and federal civil rights violations. In addition, the plaintiff asserts claims for negligence against the defendants. Specifically, the plaintiff alleges violations of the decedent's Eighth and Fourteenth Amendments actionable pursuant to 42 U.S.C. Section 1983 as well as State claims under M.G.L. c. 12 § 11 H and I and under M.G.L. c. 258.

These claims arise out of the decedent's custody at the Quincy Police Station on December 17, 2000. The defendants assert that at all times they acted appropriately, professionally and constitutionally. Specifically, they deny that they were deliberately indifferent to any serious medical need of Charles Sylva.

II. PROPOSED STIPULATED FACTS

1. The decedent, Charles Sylva, was arrested and placed in custody by the Quincy Police Department on December 17, 2000.

III. CONTESTED ISSUES OF FACT

Whether the defendant officers were deliberately indifferent to Charles Sylva's serious medical needs. Whether the City of Quincy was negligent in training or supervising its officers.

IV. JURISDICTIONAL ISSUES

The parties are unaware of any at this time.

V. QUESTIONS RAISED BY PENDING MOTIONS

Not applicable..

VI. ISSUES OF LAW

Whether the individual officers are entitled to qualified immunity.

VII. REQUESTED AMENDMENTS TO THE PLEADINGS

None at this time.

VIII. ADDITIONAL MATTERS

None at this time.

IX. **LENGTH OF TRIAL**

The parties anticipate that the trial will last approximately two (2) weeks.

X. **WITNESSES**

**Defendants:**

The defendants, state that they may call one or more of the following witnesses to testify at the trial of this matter:

1. Michael O'Brien, Quincy Police Department, knowledge of incident.

2. Gerry Nichols, Quincy Police Department, knowledge of incident.

3. James Borden, Quincy Police Department, knowledge of incident.

4. Kevin Tobin, Quincy Police Department, knowledge of incident.

5. Robert Crowley, Quincy Police Department, knowledge of incident.

6. James Kelly, Quincy Police Department, knowledge of incident.

7. Tom Gaeta, Quincy Police Department, knowledge of incident.

8. Trooper Diane Lilly, Massachusetts State Police, investigator.

9. Lt. Robert Friend, Massachusetts State Police.

10. Det. Lt. Joseph Brooks, Massachusetts State Police.

11. Trooper Robin Fabry, Massachusetts State Police.

12. Paul Neshler, Quincy Fire Department.

13. John Coughlin, Quincy Fire Department.

14. Joseph Graham, Quincy Fire Department.

15. John Malvesti, Quincy Fire Department.

16. Michael Kelly, Quincy Fire Department.

**EXPERT WITNESS**

1. Dr. Mark Taff, New York, New York, Forensic Pathologist

XI. <u>EXHIBITS</u>

    a. Commonwealth of Massachusetts Department of the Medical Examiner's Report and Findings regarding Charles Sylva.

    b. Quincy Medical Center Records December 1, 2000-December 17, 2000.

XII. <u>MOTIONS IN LIMINE</u>

**Defendants:**

The individual Defendants will move the Court to preclude any reference to unrelated alleged instances of misconduct by any of the individual defendants including but not limited to internal affairs investigation made into allegations of wrongdoing.

The defendants also intend the file a motion in limine to exclude the testimony and/or report of the plaintiff's expert Dr. Baden, as not meeting the criteria as set forth in <u>Daubert</u>.

                                                          **Counsel for Defendants,**

                                                          /s/ James W. Simpson, Jr.
                                                          James W. Simpson, Jr.
                                                          Douglas I. Louison
                                                          Merrick, Louison & Costello, LLP
                                                          67 Batterymarch Street
                                                          Boston, MA
                                                          (617) 439-0305
                                                         BBO# 634344