UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SYLVA, Administrator of the Estate of CHARLES SYLVA, Plaintiff )<br>)<br>)<br>)<br>v. )<br>)<br>THE CITY OF QUINCY, MICHAEL O'BRIEN, GERRY NICHOLS, JAMES BORDEN, KEVIN TOBIN, ROBERT CROWLEY, and JOHN KELLEY, Defendants, )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 03-12473-REK |

Plaintiffs respectfully submit the following Pre-Trial Memorandum, pursuant to the Court's procedural order.

**1. Concise Statement of the Evidence Which Plaintiffs Will Offer at Trial**

Plaintiff will offer the following evidence at trial**:**

On December 17, 2000 Charles Sylva was arrested by officers from the Quincy Police Department for breaking and entering and malicious damage to property.

Mr. Sylva was well known to the Quincy Police as someone who needed medical or psychiatric attention. In fact, in the months preceding his death, the Quincy police had brought him to the hospital on several occasions: On October 10, 2000, Quincy police brought him to Quincy Medical Center because of paranoid behavior when he was ranting that someone was "out to get me;" on November 1, 2000, Quincy police brought him to Quincy Medical Center from a bar because he was hallucinating, confused and paranoid; on December 2, 2000, they brought him to Quincy Medical Center for psychiatric evaluation; on December 6, 2000, police brought him to Brockton Hospital because he was delusional, drunk, uncooperative and combative; they had used pepper spray and multiple baton strikes to control him and he kept banging his head against the police van wall during that transport.

At the time of his arrest Sylva was disoriented and ranting and raving that people were trying to kill him. Officer Nichols drove Sylva to the Quincy Police Station and said he was wild and out of control, raving that someone was trying to kill him. Desk Sergeant Arthur Tobin described Mr. Sylva as ranting and raving and high or drunk.

After being transported to the Quincy jail, and before being evaluated by a health professional or going through the booking process, Sylva was placed in a cell. The evidence suggests that Sylva was handcuffed while in the cell (handcuff abrasions to Sylva's wrist were noted in the autopsy report).

While in the cell, Sylva jumped about banging his head against the walls and fell on his back several times, landing on the floor and striking his head against the walls.

Sylva was later found dead at in his cell. An autopsy conducted on Sylva's body discovered several blunt force impact sites on the head, fresh bruises and hemorrhages on the arms and legs, anterior rib fractures, hemorrhages behind the esophagus and pharynx and prominent circular handcuff abrasions around both wrists. His cause of death was a "medically untreated violent and prolonged Acute Psychosis with Exhaustion." Although Charles Sylva had cocaine in his system at death, he did not die of acute cocaine intoxication. The cocaine may have triggered off the acute paranoid psychotic reaction which would have been easily treated if he had been brought to a hospital.

**2.      Stipulations of fact**

The decedent, Charles Sylva, was arrested and placed in custody by the Quincy Police Department on December 17, 2000.

**3.      Contested issues of fact**

At this time all facts are contested.

**4.      Jurisdictional Issues**

None

**5.      Questions Raised by Pending Motions**

None

**6.      Issues of Law Including Evidentiary Questions**

The plaintiffs will move *in limine* to exclude any evidence of Charles Sylva's criminal record. Plaintiff will also move in limine to exclude the criminal records of any other witness. Plaintiff may also challenge to defendants' expert, but cannot make that determination as plaintiff has not yet received the report. At this time plaintiff would challenge the introduction

of any expert testimony by defendants, as it now one week before trial and plaintiff has not received an expert report.

7. **Requested Amendment to the Pleadings**

   None at this time.

8. **Additional Matters to Aid the Disposition of this Action**

   The parties continue to discuss the possibility of a jury waived trail on the issue of damages. Defendants have indicated that they would stipulate to liability should plaintiff agree to a jury waived trial.

9. **Probable Length of Trial by Jury**

   Two weeks.

10. **Plaintiffs Expected Trial Witnesses**

    - The parties to this action
    - All parties dismissed from this action
    - Steven Kidney, witness to the incident, Qunicy MA
    - Michael Galvin, witness to the incident, Quincy MA
    - Jason Henley, witness to the incident, Braintree MA
    - Edward Sylva, brother of Charles Sylva.
    - Stephen Sylva, brother of Charles Sylva
    - Mary Keane, sister of Charles Sylva
    - Donna Wilkie, sister of Charles Sylva
    - Meridith Power, sister of Charles Sylva
    - Roberta Sylva, sister of Charles Sylva
    - Robert Sylva, sister of Charles Sylva
    - Maureen Stokes, FBI Agent, Boston, MA.

3

- Christa Snyder, FBI Special Agent, Boston, MA.

- Alexander M Chirkov, Suffolk County Medical Examiner.

- Richard J Evans, Suffolk County Chief Medical Examiner.

- Leonard Atkins, Pathologist, performed initial autopsy.

- Robin Fabry, Trooper, photographed initial autopsy.

- Michael M Baden, MD, Expert Witness, performed second autopsy.

- W Lanergan, Detective.

- James Greene, Detective.

- Trooper Diane Lilly, Investigator.

- Lieutenant Reardon, Quincy Fire Department.

- Paul Neshler, Firefighter.

- John Coughlin, Firefighter.

- Joseph Graham, Firefighter.

- John Malvesti, Firefighter.

- Michael Kelly, Firefighter.

- Kenneth Kocerha, Firefighter.

- Stephen Wells, Firefighter.

- Gerard McAulliffe, Victim of B&E.

- Francis Goss, Witness, called 911.

- Natalie Kodad, Witness to incident leading to arrest.

- Police Officer Thomas Gaeta.

- Kathy Sacchetti, EMT.

- Michael Madden, EMT.

- Alexander McKim, Cab Driver.

- Lieutenant Robert H Friend, Massachusetts State Police Investigator
- Plaintiff reserves the right to call any of the individuals listed on defendants proposed witness list.

<u>Expert Witnesses</u>

- Melvin Tucker, Police Practices expert, Morristown Tennessee
- Dr. Michael Baden, New York, New York

**11.    Plaintiffs Proposed Exhibits**

    a.    Medical Records

    b.    State police investigation

    c.    Photos of cell

    d.    Photos of Charles Sylva

    e.    Incident report

    f.    Booking sheets

    g.    Log of cell checks

12.    Proposed Jury Questions

Plaintiff is in the process of completing proposed questions to the jury, pending a decision on a whether the trial will be jury waived.

                              Respectfully Submitted

                              Counsel for plaintiff,

                              <u>//s// Stephen Hrones</u>
                              <u>Stephen Hrones (BBO No.  242860)</u>
                              Jessica D. Hedges (BBO No. 645847)
                              HRONES, GARRITY & HEDGES
                              Lewis Wharf–Bay 232
                              Boston, MA 02110    617/227-4019

**CERTIFICATE OF SERVICE**

    I, Jessica D. Hedges, hereby certify that on this 9th day of November., 2005, I served a true and correct copy of the foregoing document, electronically to: James W Simpson, Jr., Esq., MERRICK, LOUISON & COSTELLO, 67 Batterymarch St, Boston, MA 02110.

                                                        //s// Jessica Hedges
                                                        Jessica D. Hedges