UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SYLVA, Administrator of the ) <br> Estate of CHARLES SYLVA, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF QUINCY, MICHAEL ) <br> O'BRIEN, GERRY NICHOLS, JAMES ) <br> BORDEN, KEVIN TOBIN, ROBERT ) <br> CROWLEY, and JOHN KELLEY, ) <br>     Defendants. ) <br> ) | C.A. NO. 03-12473-REK |

### PLAINTIFF'S REQUEST FOR VOIR DIRE QUESTIONS

Now comes the Plaintiff, John Sylva, and hereby moves that all the prospective jurors undergo individual voir dire as to the following questions in order to determine if they are unbiased jurors. Pursuant to such examination, the Plaintiff also moves that the following brief statement of facts of the case be put to the jurors:

### BRIEF STATEMENT OF THE FACTS

In this case the Plaintiff, John Sylva, as the Executor of the Estate of his brother Charles Sylva, alleges that the Defendants were deliberately indifferent to the medical needs of Charles Sylva, who was found dead in his cell at the Quincy Police Station on December 17, 2000.

After being placed in a cell handcuffed, in spite of his highly intoxicated state and visible mental instability, Mr. Sylva bounced around the cell out of control and his loud cries for help were ignored by the Defendants until he died. The Defendants deny the allegations.

### VOIR DIRE QUESTIONS

1. Have you or has any member of your family or any close friend ever held a job in law enforcement?

2. Have you or has any member of your family, or any close friend ever been employed by or worked for the City of Quincy? If so, who, when, and in what capacity?

3. Have you or has any member of your family, or any close friend ever been a member of any branch of the armed services?

4. Would you be inclined to give greater weight to the testimony of a police officer than you would to the testimony of an ordinary citizen simply because he/she is a police officer?

5. Do you agree that if police are deliberately indifferent to the rights of citizens, it is the price we have to pay for police protection?

6. Would it be difficult for you to be fair and impartial as this case involves a claim by the Plaintiff that the Defendant police officers were deliberately indifferent to his serious medical needs.

7. This case involves a Plaintiff with a diagnosed mental illness. Is there anything about that fact which would make it difficult for you to be a fair and impartial juror?

8. Would it be difficult for you to be fair and impartial in this case, which involves a Plaintiff with a history of drug and alcohol use ?

9. Are you a member of any organization that has as one of its objectives the limiting of drug or alcohol use?

10. If, after hearing the evidence and the instructions of the judge, you found that a police officer had violated the deceased's rights, would anything cause you to hesitate to make him pay money damages to the deceased's estate?

11. If you were selected as a juror in this case, do you know of any reason why you could not sit as an impartial juror?

12. Do you feel that the family of a deceased person should be compensated for the loss of his companionship?

13. Do you feel the estate of the deceased should be compensated for the pain and suffering the deceased incurred as a result of the Defendants' actions leading to his death?

Dated:  June 15, 2006

Respectfully submitted,
Plaintiff John Sylva
By his attorneys,

　　//S// JESSICA HEDGES　　
Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847
Michael Tumposky
BBO No. 660618
Hrones, Garrity & Hedges, LLP
Lewis Wharf – Bay 232
Boston, MA 02110-3927
(617) 227-4019

**CERTIFICATE OF SERVICE**

I, Jessica Hedges, hereby certify that, on this the 15th day of June, 2006, I have caused to be served a copy of the foregoing, where unable to do electronically, by first-class mail to all counsel of record in this matter.

　　　　　　　　　　　　　　
Jessica Hedges

3