UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SYLVA, Administrator of the Estate of CHARLES SYLVA,<br>　　Plaintiff,<br><br>v.<br><br>THE CITY OF QUINCY, MICHAEL O'BRIEN, GERRY NICHOL, KEVIN TOBIN,<br>　　Defendants. | C.A. NO. 03-12473-REK |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

The plaintiff submits the following as his proposed jury instructions:

1. **42 U.S.C. § 1983 – Civil Rights Act.** The plaintiff has filed this action, in part, under a provision of the United States Code, Title 42, section 1983, which gives a person the right to bring a lawsuit, and seek redress by way of money damages, for a violation of a constitutional right by a police officer acting in an official capacity. The plaintiff prevails on this claim if he proves two things:

    1. that the defendants acted under color of state law; and
    2. that the defendants deprived the plaintiffs of one or more constitutional rights.[1]

2. **Color of Law.** "Acting under color of law" simply means acting in one's capacity as a police officer. There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

3. **No Specific Intent Required.** It is not necessary in a case like this to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights, or that they acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant acted in a manner which then resulted in a violation of his constitutional rights. Whether any of the officers acted with subjective good faith is irrelevant.[2] You should also take into account all of the facts and circumstances which were known, or which should have been known, by the defendants when you are assessing their liability to the plaintiff. The question you must answer is whether in the face of such facts and

---

[1] 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).

[2] *Monroe*, 365 U.S. at 167; *Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required).

1

circumstances a given defendant treated a plaintiff unreasonably and violated his constitutional rights, which shall be defined for you.[3]

4. **Fourteenth Amendment.** The plaintiff is alleging that the treatment he received at the Quincy jail violated his constitutional rights. Because the plaintiff was a pre-trial detainee, instead of a convicted prisoner, his claims are analyzed under the Fourteenth Amendment to the Constitution.[4] The Fourteenth Amendment reads

   All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

5. **Eighth Amendment.** Where an alleged violation of the Fourteenth Amendment is premised on a prisoner's claim of denial of care, you must look to the Eighth Amendment to the United States Constitution for the appropriate legal framework. Pre-trial detainees are entitled to at least as much protection under the Fourteenth Amendment as afforded to convicted prisoners suing under the Eighth Amendment.[5] The Eighth Amendment reads:

   Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

   The plaintiff claims that he was denied proper care after his arrest. Deliberate indifference to health and safety violates the right to due process of law. Thus, if you find that the defendants were aware of the risk to the plaintiff's health and safety but chose to ignore it, then you must find the defendants liable in this regard.

   Thus, the plaintiff will prevail on his claim for a violation of his constitutional right to be free from cruel and unusual punishment when he shows, by a preponderance of the evidence, that 1) he was incarcerated under conditions posing a substantial risk of serious harm and 2) the defendants demonstrated a deliberate indifference to his health or safety.[6]

6. **Deliberate Indifference – Defined.** Deliberate indifference is not mere negligence.[7] To establish deliberate indifference, however, a plaintiff need not show that the defendants acted or failed to act with the very purpose of causing harm or with knowledge that harm will result. Rather, in order to establish "deliberate indifference," a plaintiff must only show that a defendant was reckless.[8]

---

[3] *Roberts v. Hollocher,* 664 F.2d 200 (8th Cir. 1981).
[4] *Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir. 2002)
[5] *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)
[6] *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).
[7] *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 82 (1st Cir. 2005)
[8] *Farmer*, 511 U.S. at 835-36.

7. **Deliberate Indifference – Proof.**  The plaintiff can prove that the defendants were deliberately indifferent by both direct and indirect, i.e. circumstantial evidence.[9]  Direct evidence might include documentary or verbal evidence showing the defendants' state of mind.  However, a "reckless" state of mind is not typically susceptible to proof by direct evidence.[10]  Therefore, you may look to indirect or circumstantial evidence, which is evidence that can be inferred from the facts of the case, in order to establish recklessness.[11]

8. **Deliberate Indifference – Obvious Risk.**  In determining whether the defendants were deliberately indifferent, you may conclude that they knew of the substantial risk to the plaintiff's health or safety from the very fact that the risk was obvious.[12]  Furthermore, the defendant does not escape liability if the evidence showed that he merely declined to confirm inferences of risk that he strongly suspected to exist.[13]  As a matter of law, I instruct you that, if you find sufficient circumstantial evidence that the defendants disregarded a substantial risk to the plaintiff's health or safety, then you must find for the plaintiff on his constitutional claim.

9. **Serious Harm –- Proof**.  In order to show the "seriousness" of a pre-trial detainee's need for care, the plaintiff can point to the effect of the delay in treatment.[14]  Courts do not require medical documentation of a "serious medical need" when it is objectively obvious based on the facts of the case.[15]  A plaintiff can show he had a serious need when he demonstrates that the need for this care would be obvious.[16]

10. **Negligence – Duty of Care.**  The plaintiff has also alleged that the defendants negligently caused his death.  Negligence is a broad area of the law, and it has many applications.  Speaking generally, however (and for the moment I am only speaking generally), negligence means the failure to exercise that degree of care that the ordinarily reasonable, cautious, prudent individual would have exercised under all the facts and circumstances existing in some particular situation. More simply stated, negligence is the failure to exercise that degree of care that a reasonable person would exercise under the circumstances.

    Negligence may be doing something that the ordinarily reasonable, cautious, prudent person would not have done under all the facts and circumstances existing at a particular time and place. It may also be the failure to do something that the ordinarily reasonable, cautious, prudent person would have done under all the facts and circumstances existing at a particular time and place.

---

[9] *Id.* at 842
[10] *Powell v. Alexander*, 391 F.3d 1, 17 (1st Cir. 2004).
[11] *Calderon-Ortiz v. Laboy-Alvarado*, 300 F.3d 60, 65 (1st Cir. 2002).
[12] *Id.*
[13] *Farmer*, 511 U.S. at 543 n.8
[14] *Gaudreault v. Salem*, 923 F.2d 203, 208 (1st Cir. 1990).
[15] *Farmer*, 511 U.S. at 825.
[16] *Mahan v. Plymouth County House of Corrections*, 64 F.3d 14, 18 (1st Cir. 1995).

3

You will notice that the standard is not the conduct of the most careful person or of the least careful person, but rather the conduct of an ordinarily reasonable, cautious, prudent person, faced with the same situation and under the same circumstances as the person whose conduct is being considered.

When it is alleged, as it has been in this case, that a person has been negligent, it becomes the duty of the jury to determine on the basis of the evidence just what was the conduct of that person and, having done that, to measure that conduct against the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts or circumstances. If the conduct of that person conforms to what would have been the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts and circumstances, then the jury should find that the person had not been negligent. If, on the other hand, that person either did something that the ordinarily reasonable, cautious, prudent person would not have done, or failed to do something that the ordinarily reasonable, cautious, prudent person would have done, then the jury would be warranted in finding that the person had been negligent.

In determining whether a defendant acted with reasonable care, you may consider the plaintiff's mental state or physical condition.[17]

11. **Negligence – Proximate Causation.**  If you the jury determine that the defendant was in some way negligent, you must then go on to determine whether that negligence of the defendant was what the law calls a "proximate cause" of the injury of which the plaintiff complains. Negligence, standing by itself, has no legal consequence whatsoever unless it is a proximate cause of injury to the plaintiff. Just as the plaintiff has the burden of proving by a fair preponderance of evidence that the defendant was in some way negligent, he also has the burden of proving by a fair preponderance of evidence that the negligence of the defendant was a "proximate cause" of the plaintiff's injury.

"Proximate cause" is a term of art. You will not get its true meaning by looking up the two words in a dictionary. It is, nevertheless, a term that has acquired a definite meaning in the law over the years.

For a negligent act or omission to be a proximate cause of a personal injury, it must be established that the personal injury would not have occurred but for the negligent act or omission. If the plaintiff's injury would have occurred in any event, regardless of the defendant's negligence, the defendant's negligence cannot be said to have been a proximate cause of that injury. On the other hand, it must also be borne in mind that there may be, and frequently are, more than one "proximate cause" of a plaintiff's injury.

It must also be established that the chain of causation between the negligent act or omission and the plaintiff's injury was not broken by some new or "intervening" cause. An independent negligent or criminal act of a third party, occurring between the negligent act or omission of the defendant and a subsequent injury of the plaintiff, is not sufficient to break the chain of causation if the commission of such an independent act was "reasonably

---

[17] See 60 Am Jur 2d, Penal and Correctional Institutions, §4.

foreseeable" by the defendant at the time of his negligent act or omission. If the independent act of the third party was reasonably foreseeable at the time of the negligent act or omission of the defendant, the chain of causation is not broken, even though the injury to the plaintiff would not have occurred but for that independent act.

"Foreseeability" means that which it is objectively reasonable to expect.

12. **Massachusetts Tort Claims Act.** When the plaintiff alleges that the negligence was committed by a public employee, the governing law is the Massachusetts Tort Claims Act. That Act provides that "[p]ublic employers,"[18] such as the City of Quincy, shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of their employees while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual would be liable.[19] Public employers are also liable for their own negligence. For example, a police department can be held liable for the negligent training, supervision, retention or hiring of officers if it fails to use reasonable care in the exercise of those responsibilities and, in doing so, proximately causes harm to the plaintiff.[20]

13. **Credibility of Witnesses – Law Enforcement.** There was quite a bit of testimony from different prison officials in this case. The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.[21]

14. **Bias of Officials as Witnesses.** Several of the witnesses are still employed by the City of Quincy and hence are interested witnesses in the outcome of this case. Their relationship with and employment by the City of Quincy are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

15. **Wrongful Death – Damages.** If you find that the defendants were deliberately indifferent to the constitutional rights of the deceased, you may award damages to his heirs for their loss of society, companionship, comfort; and pain and suffering. In this case, the deceased's heirs are the next of kin – the remaining siblings. You may also award damages to the estate of the deceased for the loss of life and the pain and suffering of the deceased prior to his death. These damages would also go to his siblings, being the beneficiaries of the estate.

---

[18] There is no dispute that the Massachusetts Department of Correction is a 'public employer" within the meaning of the Act.
[19] M.G.L. ch. 258, §2.
[20] Id., §10(j).
[21] *Roberts v. Hollocher*, 664 F.2d at 200; *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981); *Bush v. United States*, 375 F.2d 602, 605 (D.C. Cir. 1967).

5

**16. Pain and Suffering – Defined**. Pain and suffering means:

> Any physical harm to the plaintiff during the incident, including physical pain, discomfort, loss of bodily function, and disfigurement.
>
> Pain and suffering also means emotional distress. In determining the plaintiff's damages for emotional distress, you are to fairly compensate him, or in this case his estate, for the pain and suffering associated with the deceased's emotional distress, including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.

**17. Punitive Damages.** You must also decide whether the plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's constitutional rights. If you find that they have done one of those things, then you should award punitive damages. Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful, or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.[22]

**18. Interest.** If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. This lawsuit was begun years ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff have not had the use of the damages you award during the time this litigation has been pending. If you do award interest, the actual sum will be computed by the clerk at the rate provided by the law.[23]

DATED: June 20, 2006

Respectfully submitted,
Plaintiff John Sylva
By his attorneys,

//s// Michael Tumposky
Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847

---

[22] *Smith v. Wade*, 461 U.S. 30 (1983); *Adickes v. S.H. Kress & Co.*, 389 U.S. 144, 234 (1970) (Brennan, J., concurring); *Cochetti v. Desmond*, 572 F.2d 102, 105-06 (3d Cir. 1978); *Guzman v. Western State Bank*, 540 F.2d 948, 953 (8th Cir. 1976); *Stolberg v. Bd. of Trustees*, 474 F.2d 485 (2d Cir. 1973); *Batista v. Weir*, 340 F.2d 74 (3d Cir. 1965).

[23] *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1980).

        Michael Tumposky
        BBO No. 660618
        Hrones, Garrity & Hedges, LLP
        Lewis Wharf – Bay 232
        Boston, MA 02110-3927
        (617) 227-4019

## CERTIFICATE OF SERVICE

     I, Michael Tumposky, hereby certify that, on this the 20th day of June, 2006, I have caused to be served a copy of the foregoing, where unable to do electronically, by first-class mail to all counsel of record in this matter.

        //s// Michael Tumposky
        Michael Tumposky