UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO. 03-12473MBB

JOHN SYLVA, Administrator of the Estate of
CHARLES SYLVA,
    Plaintiff,

v.

CITY OF QUINCY, MICHAEL O'BRIEN,
GERRY NICHOL, and
KEVIN TOBIN,
    Defendants.

### DEFENDANTS MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF THE PLAINTIFF'S CASE PURSUANT TO F.R.CIV.P 50(a)

**I.    INTRODUCTION**

The plaintiff, on behalf of the estate of Charles Sylva, has asserted state and federal civil rights claims under the 8th Amendment to the United States Constitution and a claim under the MCRA (Massachusetts Civil Rights Act) as well as a claim for negligence under c. 258. His causes of actions stem from an incident while Charles Sylva was in custody at the Quincy Police Station on December 17, 2000. As set forth below, the defendants are entitled to a directed verdict as the plaintiff has failed to produce any legally sufficient evidentiary basis for a jury to conclude that the defendants violated the decedent's civil rights.

**II.    ARGUMENT**

    **A.    THE PLAINTIFF HAS FAILED TO PROVE THAT THE DEFENDANTS WERE DELIBERATELY INDIFFERENT TO THE DECEDENT'S SERIOUS MEDICAL NEEDS**

As the Court is aware, "the Eighth Amendment[1] prohibits punishments that are 'cruel and unusual'. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) The Supreme Court in <u>Farmer</u> explained further by adding:

> A prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious.....it must result in the denial of minimal civilized measure of life's necessities.......Second, the prison official must have sufficiently culpable state of mind, that is, the official must have deliberate indifference to the inmates health or safety. Thus, to be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement, a prison official must know and disregard and excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>See</u> also <u>Calderon-Ortiz v. Laboy-Alvarado</u>, 300 F.3d. 60 (1st Cir. 2002).

Further, as this Court has explained, "a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" <u>citing</u> <u>McCain v. Scott</u>, 9 F.Supp.2d 1365, 1371-72 (N.D. Ga. 1998). It is not enough that a reasonable official would or should have known that the prisoner was at risk: the official must actually know of and disregard the risk to incur culpability. <u>Farmer</u>, 511 U.S. at 837-38. Moreover, "a prison official's failure to alleviate a significant risk that he should have perceived, but, did not, cannot be condemned as a violation of the Eighth Amendment." <u>Id.</u>

In this context, "deliberate indifference" means that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement

---

[1] While the provisions of the Eighth Amendment do not extend to pretrial detainees, the Due Process Clause of the Fourteenth Amendment provides them with "rights [which] are at least as great as the Eighth Amendment protections available to a convicted prisoner." <u>Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); <u>see also</u> <u>Henderson v. Sheahan</u>, 196 F.3d 839, 844 n. 2 (7th Cir.1999) ("Although the Eight Amendment does not extend to pretrial detainees ... the Due Process Clause of the Fourteenth Amendment protects pretrial detainees under the same standard as the Eighth Amendment."); <u>Hare v. City of Corinth</u>, 74 F.3d 633, 643 (5th Cir.1996) (same).

unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837. This standard, requiring an actual, subjective appreciation of risk, has been likened to the standard for determining criminal recklessness. See id. at 839-40 (holding that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment"); see also id. at 837-38 (citing to Model Penal Code § 2.02(2)(c) and noting that criminal recklessness requires a person to "consciously disregar[d] a substantial risk of serious harm").  Willful blindness and deliberate indifference are not mere negligence; these concepts are directed at a form of scienter in which the official culpably ignores or turns away from what is otherwise apparent. See Alsina-Ortiz v. LaBoy, 400 F.3d 77 (1st Cir.(Puerto Rico) Mar 09, 2005) (NO. 03-2611); citing Farmer, 511 U.S. at 839-40, 114 S.Ct. 1970; Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 92 (1st Cir.1994).

A "serious medical need" is either one that a physician has diagnosed and deemed to require treatment, or one that is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir.1995) (quoting Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir.1990), *cert. denied*, 500 U.S. 956, 111 S.Ct. 2266, 114 L.Ed.2d 718 (1991)).  The plaintiff must show that the official knew of and disregarded an excessive risk to his health or safety." Any inquiry into the reasonableness of the prison officials' actions 'incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Farmer, 511 U.S. at 845.

In the present case, the plaintiff has absolutely no evidence that any of the individual defendants possessed the requisite state of mind to establish that they were deliberately indifferent

to the decedent's serious medical needs. Simply put, the plaintiff has not been able to produce any evidence that any of the officers in question, knew of and disregarded an excessive risk to the decedent's health or safety. As the Courts have cited, "a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Here, in the present case, no inference can be drawn as there was no prior facts from which a high risk of injury to the plaintiff could have been expected.. Without prior knowledge that such an event was imminent or capable of taking place, the defendants could not have possessed the requisite state of mind to hold them liable. Further, Mr. Sylva's condition upon presentment at the station that night was not "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."

Accordingly, the plaintiff's claim under the Eighth Amendment must be dismissed.

### B. THE PLAINTIFF HAS FAILED SUBMIT EVIDENCE THAT THE DECEDENT'S STATE CIVIL RIGHTS WERE VIOLATED BY MEANS OF THREATS, INTIMIDATION OR COERCION

The plaintiff's complaint alleges that the defendants deprived the decedent of his rights under Article 26 of the Massachusetts Declaration of Rights.

As the Court is aware, the Massachusetts Civil Right Act ("MCRA") and Massachusetts Constitution creates no substantive civil rights; rather, it provides a mechanism for obtaining relief from the interference or attempted interference with rights conferred by Federal or Massachusetts Law. See M.G.L. c. 12, Sections 11H and I, Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 593 (2001).

However, under M.G.L. C. 12, Section 11I, a Plaintiff is required to establish that his exercise or enjoyment of rights secured by the United States and the Commonwealth have been

interfered with by "threats, coercion or intimidation".[2] Swanset Development Corp. v. Taunton, 423 Mass. 390, 395 (1996). Courts have recognized that the "Legislature did not intend to create a vast constitutional tort and thus explicitly limited the state Civil Rights Act's remedy to a situation where derogation of secured rights occurs by threats, coercion or intimidation". Bally v. North Eastern University, 403 Mass. 713, 717 (1989); Bell v. Mazza, 394 Mass. 176, 182-183 (1985). These terms have been applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass or humiliate. Smith v. Longmeadow, 29 Mass. App. Ct. 599, 603 (1990) citing Bell, Supra, at 183-184; Pheasant Ridge Assoc. Ltd. Partnership v. Burlington, 399 Mass. 771, 781-782 (1987); Deas v. Dempsey, 403 Mass. 468, 470-471 (1988); Bally, Supra, at 718-720.

In the present case, the plaintiff has failed to submit sufficient evidence that the decedent was threatened, coerced or intimidated by any of the defendants.

In Pheasant Ridge, supra, members of the Board of Selectmen made verbal statements that they were going to take any action necessary to block the development and approval of a permit for construction of Plaintiffs housing units. The Plaintiffs argued that these statements constituted threats and intimidation. Pheasant Ridge Assoc. Ltd. Partnership, 399 Mass. at 781. However, the Court stated that the Selectmen's conduct was a preventive act which did not threaten or coerce. Id. Applying this rationale to the case at bar, the Defendants' actions here, did not rise to the level of threats, coercion or intimidation.

There is no evidence of any physical threats, intimidation or coercion by the defendants to

---

[2] In Delaney v. Chief of Police of Wareham, 27 Mass. App. Ct. 398 (1989) the phrase, "threats, intimidation and coercion" is defined as follows: "threats" are acts or language by which another is placed in fear of injury or damage; "intimidation" is the creation of fear to compel conduct; and "coercion" is the active domination of another's will. Id. at 409.

accomplish any such deprivation. The Supreme Judicial Court in Bally, said that a plaintiff suing under the same statute had failed to offer adequate evidence to support a claim under the Civil Rights Act because he had not demonstrated that the defendants used physical threats intimidation or coercion to accomplish this deprivation. Bally at 717.

The Supreme Judicial Court has also repeatedly pronounced that a defendant can be held liable under the Civil Rights Act only in situations that "involve an actual or potential physical confrontation accompanied by a threat of harm." Layne v. Superintendent, Mass. Correctional Inst., 406 Mass. 156, 546 N.E. 2d 166 (1989); See also Wiletts v. Roman Catholic Archbishop, 411 Mass. 202, (1991); Longval v. Commissioner of Correction, 404 Mass. 325, 535 N.E. 2d 588 (1988).

In the present case, the plaintiff has no evidence whatsoever of threats, intimidation or coercion on the part of the any of the defendants. Accordingly, the plaintiff's claims under the MCRA and Massachusetts Constitution must be dismissed.

### C.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government officials, such as the individual defendants, who wield discretionary powers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) *cited in* Burns v. Loranger, 907 F.2d 233, 235 (1st Cir. 1990). Thus, "[e]ven defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard". Davis v. Scherer, 468 U.S. 183, 190 (1984). The applicability of this defense is a pure question of law and the standard is not

demanding. Hall v. Ochs, 817 F.2d 920, 924 (1st Cir. 1987). The plaintiff has failed to produce any evidence that the defendant police officers acted unreasonably.

As the Court of Appeals for the First Circuit has stated, the "applicable standard" for qualified immunity is an objective one and therefore:

> Because qualified immunity does not address the substantive viability of a section 1983 claim, but rather the objective reasonableness of a defendant's actions, a plaintiff who is entitled to prevail on the merits is not necessarily entitled to prevail on the issue of qualified immunity. Amsden v. Moran, 904 F. 2d 748, 751 (1st Cir. 1990).

Issues of qualified immunity require the Court to address two questions. First, the Court must determine whether the right at issue was "clearly established". In this context, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 482 U.S. 635, 640 (1987). Next, the Court must "determine whether defendants reasonably should have comprehended that their specific actions transgressed those "clearly established" rights. Amsden, at 752.

Qualified immunity is a "necessary compromise" between the need to provide remedies to individuals whose constitutional rights have been violated and the necessity of protecting public officials from insubstantial lawsuits which may deter them from carrying out their official responsibilities. Rodriques v. Furtado, 410 Mass. 878, 883 (1991). Qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law" and allows ample room for mistaken judgment. Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) (*per curium*); Malley v. Briggs, 475 U.S. 335, 343 (1986); Roy v. Lewiston, 42 F.3d 691 (1st Cir. 1994).

It is important that the issue of qualified immunity be decided as soon as possible in order to make the protection meaningful. The Supreme Court has stated because the immunity is

...immunity from suit rather than a mere defense to liability ..., we have repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. Hunter v. Bryant, 116 L. Ed 2d 589 (1991) (citations omitted).

In Hunter, the Court concluded that the question of immunity should be decided by the Court long before trial. Also, the Court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be construed four years after the fact.

Likewise, under Massachusetts Law, the doctrine of qualified immunity "shields public officials who are performing discretionary functions, not ministerial in nature, from civil liability in § 1983 [and MCRA] actions if at the time of the performance of the discretionary act, the constitutional or statutory right allegedly infringed was not 'clearly established'." Laubinger v. Department of Rev., 41 Mass.App.Ct. 598 (1996).

In the instant case, the individual defendants at all times acted objectively reasonably under the circumstances. There is no evidence that they violated clearly established law. As noted above, there is no evidence that they were deliberately indifferent to the plaintiff's safety. Accordingly, all individual defendants are entitled to qualified immunity.

### III.  CONCLUSION

Based on the above arguments the defendants respectfully request that a directed verdict pursuant to Fed.R.CivP. 50(a) enter in their favor.

The defendants, O'Brien, Nichol and Tobin,
By their attorneys,

_____
Douglas I. Louison BBO#545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305