UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN SYLVA, Administrator of the Estate of CHARLES SYLVA,<br>    Plaintiff,<br><br>v.<br><br>THE CITY OF QUINCY, MICHAEL O'BRIEN, GERRY NICHOLS, JAMES BORDEN, KEVIN TOBIN, ROBERT CROWLEY, and JOHN KELLEY,<br>    Defendants. | C.A. NO. 03-12473-REK |

**MEMORANDUM IN SUPPORT OF JURY INSTRUCTIONS**

Pursuant to the Court's request, the Plaintiff, John Sylva, hereby submits this memorandum of law in support of his requested instruction on damages.

**ARGUMENT**

**I.   THE MEASURE OF THE PLAINTIFF'S DAMAGES IS GOVERNED BY STATE LAW**

Title 42, Section 1988 squarely addresses the applicability of state law to §1983 claims. Section 1988 provides that a §1983 plaintiff may seek all remedies available under state law so long as they are not inconsistent with federal law or the Constitution:

> Proceedings in vindication of civil rights
> (a) Applicability of statutory and common law. The jurisdiction in civil …matters…for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause…

This statute has been interpreted to mean that §1988 requires courts to refer to state statutes in awarding damages for civil rights violations. Robertson v. Wegmann, 436 U.S. 584, 593 (1978) ("[Section] 1988 instructs us to turn to state laws... in the areas to which § 1988 is applicable Congress has provided direction, [by] indicating that state law will often provide the content of the federal remedial rule."); see also Jones v. Hildebrant, 432 U.S. 183, 190 (U.S. 1977) (White, J. dissenting) ("[B]oth federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes."); Sullivan v. Little Hunting Park, 396 U. S. 229, 240 (1969) ("The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired.")

Damages for civil rights actions resulting in death are not specifically enumerated under §1983. Under Massachusetts law, however, the heirs of a decedent suing for wrongful death may recover for the decedent's damages as well as damages for their own loss:

> A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted...shall be liable in damages in the amount of: (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered...

M.G.L. ch. 229, §2.

Thus, as the applicable state law does not conflict in any way with the federal law, the Plaintiff's requested instruction is proper, and this Court should instruct the jury as follows:

If you find that the defendants were deliberately indifferent to the constitutional rights of the deceased, you may award damages to his heirs for their loss of society, companionship, comfort; and pain and suffering. In this case, the deceased's heirs are the next of kin – the remaining siblings. You may also award damages to the estate of the deceased for the loss of life and the pain and suffering of the deceased prior to his death. These damages would also go to his siblings, being the beneficiaries of the estate.

> Respectfully submitted,
> Plaintiff John Sylva
> By his attorneys,
>
> //s// Michael Tumposky
> Stephen Hrones
> BBO No. 242860
> Jessica D. Hedges
> BBO No. 645847
> Michael Tumposky
> BBO No. 660618
> Hrones, Garrity & Hedges, LLP
> Lewis Wharf – Bay 232
> Boston, MA 02110-3927
> (617) 227-4019

## CERTIFICATE OF SERVICE

I, Michael Tumposky, hereby certify that, on this the 27th day of June, 2006, I have caused to be served a copy of the foregoing, where unable to do electronically, by first-class mail to all counsel of record in this matter.

> //s// Michael Tumposky
> Michael Tumposky

3