UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO. 03-12473MBB

JOHN SYLVA, Administrator of the Estate of
CHARLES SYLVA,
    Plaintiff,

v.

MICHAEL O'BRIEN,
GERRY NICHOLS and
KEVIN TOBIN,
    Defendants.

### DEFENDANTS, GERRY NICHOLS, MICHAEL O'BRIEN AND KEVIN TOBIN'S MEMORANDUM IN OPPOSITION TO PROPOSED JURY INSTRUCTIONS

The defendants submit the following in opposition to the Court's proposed jury instructions. At issue before the Court is whether the siblings of the decedent can recover loss of consortium like damages for the under a § 1983 action.

**I.    ARGUMENT**

    **A.    THE COURT'S PROPOSED JURY INSTRUCTIONS INCORRECTLY INSTRUCT THE JURY THAT THEY MAY CONSIDER AS DAMAGES LOSS OF CONSORTIUM[1] CLAIMS BY THE TAKERS OF THE**

---

[1] Conversely under the State Wrongful Death Statute c. 229, permits recovery for those losses akin to loss of consortium." Schultz v. Grogean, 406 Mass. 364, 548 N.E.2d 180, 181 (1990). However, "the first clause of section 2 limits recovery to a class of persons. It provides for recovery of compensatory damages by 'the persons entitled to receive the damages recovered' and limits the class to those persons 'as provided in section [1].' " See Burt v. Meyer, 400 Mass. 185, 508 N.E.2d 598, 602 (1987) (adopting interpretation proposed in Guy v. Johnson, 15 Mass.App.Ct. 757, 448 N.E.2d 1142, 1144-45 (1983)). If the class of presumptive takers, as defined in section 1, is to recover under section 2, they must then prove that the decedent had monetary value to them. See Burt, 508 N.E.2d at 602; Guy, 448 N.E.2d at 1144.

## DECEDENT'S ESTATE UNDER SECTION 1983

As presently drafted, the Court's proposed jury instructions combine elements of loss of consortium damages normally associated with a wrongful death claim with § 1983 and instructs the jury that they may award damages to the next of kin of the decedent for his wrongful death. (Page 43) As the Court is aware and cited in the its proposed jury instructions, a relative may bring a claim under § 1983 on a decedent's behalf for decedent's pain and suffering, but a relative may not bring a personal claim under § 1983 for the death of a relative. Natriello v. Flynn, 837 F.Supp. 17, 19 (D.Mass. 1993) citing, Cortes-Quinones v. Jimenz-Nettleship, 842 F.2d 556, 563 (1st Cir. 1988); Valdivieso Ortiz v. Burgos, 807 F.2d 45 (1988). Further, the Courts have consistently held that relatives cannot recover under § 1983 for loss of familial relations. Martinez Correra v. Lopez Feliciano, 759 F.Supp. 947, 958 (D. Puerto Rico 1991).[2] The Court in Natriello went further by adding "Ms Natriello was not entitled to pursue a federal civil rights claim under § 1983 for wrongful death damages based upon her son's suicide." In that case, the jury awarded damages to the plaintiff on three counts (1) § 1983 claim (2) wrongful death statute and (3) tort claims act. The jury awarded $10,000.00 on count (1), $450,000.00 on count (2) and $40,000 in punitive damages. The Court reduced the jury's award under count (2) to $100,000.00 in accordance with G.L. c. 258 § 2. See id.

Here, the jury is being instructed that they may consider loss of consortium type/personal claims of the next of kin in their deliberations as to what, if any, damages are to be awarded. The sole claim(s)

---

[2] Edsall v. Assumption College, 367 F.Supp.2d 72, 198 Ed. Law Rep. 232 (D.Mass. Mar 31, 2005) "It is clear that "[t]he spouse of an alleged federal civil rights victim is not permitted an ancillary cause of action for loss of consortium." Tauriac v. Polaroid Corp., 716 F.Supp. 672, 673 (D.Mass.1989).

for damages that the jury should consider under § 1983 should be limited to damages related to alleged violations of the decedent's civil rights under § 1983 and not any ancillary/personal claims by the takers of the estate.

WHEREFORE, the defendants respectfully request that the Court modify its proposed jury instructions in accord with the above memorandum of law.

The defendants, Tobin, O'Brien and Nichol,
By their attorneys,

_____
Douglas I. Louison BBO#545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305
