UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN SYLVA, Administrator of
the Estate of CHARLES SYLVA,
    Plaintiff,

                                    CIVIL ACTION NO.
v.                                  03-12473-MBB

MICHAEL O'BRIEN, GERRY NICHOL
and KEVIN TOBIN,
    Defendants.

### COURT'S INSTRUCTIONS TO THE JURY

**June 27, 2006**

**MEMBERS OF THE JURY:**

NOW THAT YOU HAVE HEARD ALL THE EVIDENCE AND THE ARGUMENTS OF COUNSEL, IT BECOMES MY DUTY TO GIVE THE INSTRUCTIONS OF THE COURT CONCERNING THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE. NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY LAW STATED BY THE COURT.

REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO

BASE A VERDICT ON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT, JUST AS IT WOULD ALSO BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT ON ANYTHING OTHER THAN THE EVIDENCE IN THIS CASE.

IN DECIDING THE FACTS OF THIS CASE, YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY. OUR SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION. BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

## CONSIDERATION OF THE EVIDENCE

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE.  THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD.  I WILL PROVIDE YOU WITH ALL OF THE EXHIBITS THAT WERE ADMITTED INTO THE RECORD FOR YOU TO REVIEW DURING YOUR DELIBERATIONS.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE.  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.

YOU MUST NOT CONSIDER THE LAWYERS TO HAVE BEHAVED IMPROPERLY BECAUSE HE HAS ASSERTED OBJECTIONS.  IT IS THEIR JOB TO DO SO. NOR MAY YOU SPECULATE AS TO WHAT EVIDENCE THERE MAY BE WHICH WAS, FOR ONE REASON OR ANOTHER, NOT INTRODUCED.  IF THE EVIDENCE HAS BEEN EXCLUDED, IT IS BECAUSE THERE HAS BEEN GOOD REASON TO EXCLUDE IT, AND YOU SHOULD NOT SPEND TIME SPECULATING ABOUT WHAT THE EVIDENCE MIGHT HAVE BEEN.

WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.  IN THE FINAL ANALYSIS, IT IS YOUR RECOLLECTION AND INTERPRETATION OF THE

3

EVIDENCE THAT CONTROLS IN THE CASE.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND OTHER EVIDENCE IN THE CASE.  IT IS FOR YOU ALONE TO DECIDE THE WEIGHT, IF ANY, TO GIVE TO THE TESTIMONY YOU HAVE HEARD AND THE EXHIBITS YOU HAVE SEEN.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF A CASE.  ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NONEXISTENCE OF CERTAIN FACTS.

A FACT MAY BE ESTABLISHED BY DIRECT EVIDENCE OR CIRCUMSTANTIAL EVIDENCE OR BOTH.  A FACT IS ESTABLISHED BY DIRECT EVIDENCE WHEN PROVED BY DOCUMENTARY EVIDENCE OR BY WITNESSES WHO SAW THE ACTS DONE OR HEARD THE WORDS SPOKEN.  A FACT IS ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE WHEN THE FACT CAN BE FAIRLY AND REASONABLY INFERRED FROM OTHER FACTS.

I WILL NOW GIVE YOU AN EXAMPLE OF CIRCUMSTANTIAL EVIDENCE AND AN EXAMPLE OF DIRECT EVIDENCE.  IF YOU HAVE THE NEWSPAPER DELIVERED TO YOUR HOUSE EVERY MORNING AND IF, AT THE TIME YOU GO TO BED, THERE IS FRESH SNOW ON THE GROUND AND NO FOOTPRINTS IN THE SNOW AND, IN THE MORNING, IF YOU LOOK OUT THE WINDOW AND CAN SEE FOOTPRINTS IN THE SNOW AND SEE THE NEWSPAPER ON THE STEP, THEN YOU CAN INFER THAT THE NEWSPAPER DELIVERY PERSON HAS BEEN THERE.  THIS INFERENCE IS MADE ON THE BASIS OF CIRCUMSTANTIAL EVIDENCE.  AN EXAMPLE OF DIRECT EVIDENCE WOULD BE IF YOU PERSONALLY SAW THE NEWSPAPER PERSON MAKING THE DELIVERY.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT A JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL OF THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

## CREDIBILITY OF WITNESSES

NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO HIS OR HER TESTIMONY.  IN WEIGHING THE TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER HIS OR HER RELATIONSHIP TO THE PLAINTIFF OR TO THE DEFENDANTS; HIS OR HER INTEREST, IF ANY, IN THE OUTCOME OF THE CASE; HIS OR HER MANNER OF TESTIFYING; HIS OR HER OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE FACTORS ABOUT WHICH HE OR SHE TESTIFIED; HIS OR HER CANDOR, FAIRNESS AND INTELLIGENCE; AND THE EXTENT TO WHICH HIS OR HER TESTIMONY HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE.  YOU MAY ALSO CONSIDER HOW THE WITNESS BEHAVED WHILE TESTIFYING.  WITH REGARD TO HIS OR HER MANNER OF TESTIFYING, YOU SHOULD ASK YOURSELF IF THE WITNESS SEEMED BELIEVABLE.  THE FACT THAT A WITNESS IS A POLICE OFFICER, HOWEVER, SHOULD NOT BE GIVEN ANY GREATER CREDIBILITY THAN THAT OF ANY OTHER WITNESS, NOR SHOULD IT BE GIVEN ANY LESS CREDIBILITY.  IN SHORT, YOU MAY ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES AS TO THE EXISTENCE OR

7

NONEXISTENCE OF ANY FACT.  YOU MAY FIND THAT THE TESTIMONY OF A
SMALLER NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN
THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF
CERTAIN WITNESSES, AND COUNSEL MAY HAVE ARGUED THAT SUCH
DISCREPANCIES ALONE ARE REASON FOR YOU TO REJECT THE TESTIMONY OF
THOSE WITNESSES.  YOU ARE INSTRUCTED THAT EVIDENCE OF
DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS' TESTIMONY
BUT SUCH DISCREPANCIES DO NOT NECESSARILY MEAN THAT THE WITNESS'
ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS WITH TIME.  A TRUTHFUL
WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF.  IT IS ALSO A FACT
THAT TWO PEOPLE WITNESSING THE SAME EVENT MAY SEE OR HEAR IT
DIFFERENTLY.  WHETHER A DISCREPANCY PERTAINS TO A FACT OF
IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED AND
WEIGHED AS TO ITS SIGNIFICANCE; BUT A VERIFIED FALSEHOOD ALWAYS
IS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR IMPRESSION OF THE
WITNESS, HOW TO WEIGH THE DISCREPANCY IN A WITNESS' TESTIMONY.
AS ALWAYS, I ADVISE YOU TO USE YOUR COMMON SENSE AND YOUR OWN
JUDGMENT.

IF ANY WITNESS IS SHOWN TO HAVE WILLFULLY LIED ON THE
WITNESS STAND ABOUT ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO

8

CONCLUDE THAT HE OR SHE HAS ALSO LIED ABOUT OTHER MATTERS.    YOU

MAY ACCEPT WHATEVER PART YOU MAY THINK DESERVES TO BE BELIEVED.

IT IS UP TO YOU TO DETERMINE WHETHER THE WITNESS TESTIFIED

FALSELY AND WHETHER HE OR SHE DID SO DELIBERATELY.    IT IS

ENTIRELY UP TO YOU TO DECIDE WHAT WEIGHT IF ANY SHOULD BE GIVEN

TO THE TESTIMONY OF SUCH A WITNESS ON THE BASIS OF ALL THE

EVIDENCE AND YOUR COMMON SENSE.

## EXPERT WITNESSES

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO OPINIONS OR CONCLUSIONS, AND THE LAW ORDINARILY DOES NOT PERMIT YOU, THE JURY, TO CONSIDER THE OPINIONS OR CONCLUSIONS OF WITNESSES IN YOUR DELIBERATIONS. AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WHOM WE CALL EXPERT WITNESSES - WITNESSES WHO BY EDUCATION AND EXPERIENCE, HAVE BECOME EXPERT IN SOME ART, SCIENCE, PROFESSION OR CALLING. THEY MAY STATE THEIR OPINIONS AS TO THOSE RELEVANT AND MATERIAL MATTERS IN WHICH THEY PROFESS TO BE AN EXPERT AND THEY MAY ALSO STATE THE REASONS FOR THEIR OPINIONS.

YOU SHOULD CONSIDER EACH EXPERT OPINION IN EVIDENCE IN THIS CASE AND ACCORD IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES WITHOUT ABANDONING YOUR COMMON SENSE. IF YOU SHOULD DECIDE THAT THE OPINION OF THE EXPERT WITNESS IS EITHER NOT BASED ON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY, OR GIVE IT SUCH REDUCED IMPORTANCE AS YOU THINK APPROPRIATE.

### IMPEACHMENT

A WITNESS MAY BE DISCREDITED OR "IMPEACHED" BY CONTRADICTORY EVIDENCE, BY A SHOWING THAT HE OR SHE TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

IN DECIDING WHETHER TO BELIEVE A WITNESS, YOU SHOULD SPECIFICALLY NOTE ANY EVIDENCE OF HOSTILITY OR AFFECTION WHICH THE WITNESS MAY HAVE TOWARDS ONE OF THE PARTIES.  LIKEWISE, YOU SHOULD CONSIDER EVIDENCE OF ANY OTHER INTEREST OR MOTIVE THAT THE WITNESS MAY HAVE IN COOPERATING WITH A PARTICULAR PARTY.

IT IS YOUR DUTY TO CONSIDER WHETHER THE WITNESS HAS PERMITTED ANY SUCH BIAS OR INTEREST TO COLOR HIS OR HER TESTIMONY.  IN SHORT, IF YOU FIND THAT A WITNESS IS BIASED, YOU SHOULD VIEW HIS OR HER TESTIMONY WITH CAUTION, WEIGH IT WITH CARE AND SUBJECT IT TO CLOSE AND SEARCHING SCRUTINY.

IF YOU BELIEVE THAT ANY WITNESS HAS BEEN SO IMPEACHED, THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

## BURDEN OF PROOF

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF JOHN SYLVA,

THE ADMINISTRATOR OF THE ESTATE OF CHARLES SYLVA, WHO I WILL

OFTEN REFER TO IN THESE INSTRUCTIONS AS THE PLAINTIFF, HAS THE

BURDEN OF PROVING THE MATERIAL ALLEGATIONS OF HIS CLAIMS AGAINST

DEFENDANTS MICHAEL O'BRIEN, GERRY NICHOL AND KEVIN TOBIN, WHO I

MAY REFER TO AS A GROUP AS THE INDIVIDUAL POLICE OFFICERS OR THE

INDIVIDUAL OFFICERS.

TURNING TO THE BURDEN OF PROOF, IF, AFTER CONSIDERING ALL OF

THE TESTIMONY, YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED

HIS BURDEN OF PROOF ON EACH ESSENTIAL POINT AS TO WHICH HE HAS

THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF ON THAT

CLAIM.  IN A CIVIL ACTION SUCH AS THIS, IT IS PROPER TO FIND THAT

A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF ON AN ISSUE

OF FACT IF, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU

BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE

LIKELY TRUE THAN NOT TRUE.  IF, ON THE OTHER HAND, YOU FIND THE

TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE,

THEN THE PLAINTIFF HAS FAILED TO SUSTAIN HIS BURDEN AND YOU MUST

FIND FOR THE DEFENDANTS.

THE PARTY WITH THE BURDEN OF PROOF ON ANY GIVEN ISSUE HAS

THE BURDEN OF PROVING EVERY DISPUTED ELEMENT OF HIS CLAIM OR

DEFENSE TO YOU BY A PREPONDERANCE OF THE EVIDENCE.

WHAT DOES A "PREPONDERANCE OF THE EVIDENCE" MEAN?   A
PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE
EVIDENCE.   IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE
EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS.   THE
TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS BELIEF
IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY
FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH
TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED
TO THE CONTRARY IF, AFTER CONSIDERATION OF ALL OF THE EVIDENCE IN
THE CASE, YOU HOLD GREATER BELIEF IN THE ACCURACY AND HONESTY OF
THE ONE WITNESS.   IN DETERMINING WHETHER A CLAIM HAS BEEN PROVEN
BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT
TESTIMONY OF ALL OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE
CALLED THEM, AND ALL OF THE RELEVANT EXHIBITS RECEIVED IN
EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS
EVENLY DIVIDED BETWEEN THE PARTIES - THAT IT IS EQUALLY PROBABLE
THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT -
THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS
BURDEN OF PROOF.   THAT IS BECAUSE THE PARTY BEARING THIS BURDEN
MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE - IT MUST PROVE

THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE.  IF, ON

THE OTHER HAND, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE,

YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS

MORE LIKELY TRUE THAN NOT TRUE, YOU MUST FIND FOR THE PLAINTIFF.

## JURY INSTRUCTIONS ON SPECIFIC CLAIMS

I WILL NOW INSTRUCT YOU ON THE SPECIFIC CLAIM WHICH THE PLAINTIFF HAS BROUGHT UNDER FEDERAL STATE LAW AGAINST THE INDIVIDUAL OFFICERS. THE FEDERAL CLAIM IS BROUGHT AGAINST THE INDIVIDUAL OFFICERS UNDER A FEDERAL CIVIL RIGHTS STATUTE COMMONLY KNOWN AS SECTION 1983, WHICH IS THE SECTION OF THE UNITED STATES CODE WHERE THE LAW IS LOCATED.

I HAVE PREPARED A SPECIAL VERDICT FORM WHICH CONTAINS A SERIES OF QUESTIONS. YOU MAY TAKE ONE COPY OF THESE WRITTEN INSTRUCTIONS AND THE SPECIAL VERDICT FORM WITH YOU INTO THE JURY ROOM AS YOU DELIBERATE. I WILL NOW INSTRUCT YOU ON EACH OF THE PLAINTIFF'S CLAIMS AND THE NECESSARY ELEMENTS WHICH THE PLAINTIFF MUST PROVE TO ESTABLISH THESE CLAIMS.

### FEDERAL CLAIM UNDER SECTION 1983

THE PLAINTIFF'S FIRST CLAIM IS UNDER SECTION 1983 FOR THE ALLEGED VIOLATION OF THE CONSTITUTIONAL RIGHTS OF CHARLES SYLVA. IT IS BROUGHT AGAINST THE INDIVIDUAL POLICE OFFICERS AND NOT THE CITY OF QUINCY.  IN GENERAL, THIS CIVIL RIGHTS STATUTE PROTECTS INDIVIDUALS FROM BEING DENIED THEIR CONSTITUTIONAL RIGHTS BY STATE ACTORS AS OPPOSED TO BY PRIVATE PERSONS.  IN ORDER TO SUCCEED ON A CLAIM BROUGHT UNDER SECTION 1983, THE PLAINTIFF MUST PROVE TWO ESSENTIAL ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE.

FIRST, THE PLAINTIFF MUST ESTABLISH THAT A DEFENDANT VIOLATED A CONSTITUTIONAL RIGHT OF CHARLES SYLVA'S.  SECOND, THE PLAINTIFF MUST SHOW THAT THE ACTIONS OF THAT DEFENDANT WERE TAKEN WHILE ACTING UNDER COLOR OF STATE LAW.  WITH RESPECT TO THE SECOND ELEMENT OF "ACTING UNDER COLOR OF STATE LAW," THE PARTIES DO NOT DISPUTE THAT THE INDIVIDUAL POLICE OFFICERS WERE ACTING UNDER COLOR OF STATE LAW.  ACCORDINGLY, YOU SHOULD FIND THIS ELEMENT TO HAVE BEEN ESTABLISHED.

INSTEAD, IT IS THE FIRST ELEMENT OF A SECTION 1983 CLAIM THAT THE PARTIES DISPUTE AND TO WHICH I NOW TURN.  UNDER THE FIRST ELEMENT, THE PLAINTIFF, AS THE ADMINISTRATOR OF THE ESTATE OF CHARLES SYLVA, IS ENTITLED TO ASSERT AND IS ASSERTING THE CONSTITUTIONAL RIGHT OF CHARLES SYLVA AS A PRETRIAL DETAINEE UNDER THE SUBSTANTIVE, AS OPPOSED TO THE PROCEDURAL, COMPONENT OF

16

THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

WHERE, AS HERE, HOWEVER, THE PLAINTIFF IS CLAIMING THE DENIAL OF MEDICAL ASSISTANCE OR PROTECTION IN PRISON AS A PRETRIAL DETAINEE YOU SHOULD EXAMINE THE CLAIM UNDER THE EIGHTH AMENDMENT. THE DUE PROCESS CLAUSE PROTECTIONS AFFORDED TO A PRETRIAL DETAINEE ARE THE SAME OR AT LEAST AS GREAT AS THE EIGHTH AMENDMENT PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENT AFFORDED A CONVICTED PRISONER.

AN EIGHTH AMENDMENT CLAIM BY A PRETRIAL DETAINEE ALLEGING A NEED FOR PHYSICAL PROTECTION FROM HIMSELF OR MEDICAL CARE ESSENTIALLY TURNS UPON WHETHER THE CHALLENGED ACTION BY OFFICERS O'BRIEN, NICHOL AND TOBIN CONSTITUTED, FIRST, "DELIBERATE INDIFFERENCE" AND, SECOND, TO A SUBSTANTIAL RISK OF A SERIOUS HARM TO CHARLES SYLVA. I WILL INSTRUCT YOU UPON EACH OF THESE TWO REQUIRED COMPONENTS OF THE PLAINTIFF'S SECTION 1983 CLAIM TURNING FIRST TO THE SECOND REQUIREMENT OF A SUBSTANTIAL RISK OF SERIOUS HARM.

A SUBSTANTIAL RISK OF SERIOUS HARM IS EXAMINED UNDER AN OBJECTIVE STANDARD. IN OTHER WORDS, THE DEPRIVATION THAT THE PLAINTIFF ALLEGES MUST BE OBJECTIVELY SUFFICIENTLY SERIOUS. A PRETRIAL DETAINEE MUST OBJECTIVELY EXHIBIT A SUBSTANTIAL RISK OF SERIOUS HARM TO HIMSELF IN ORDER TO SATISFY THIS OBJECTIVE COMPONENT OF AN EIGHTH AMENDMENT VIOLATION. UNDER THIS STANDARD,

17

A POLICE OFFICER'S ACT OR FAILURE TO ACT MUST RESULT IN THE
DENIAL OF THE MINIMAL CIVILIZED MEASURE OF LIFE'S NECESSITIES.

IN THE CIRCUMSTANCE WHERE THE PRETRIAL DETAINEE ALLEGES A
DENIAL OF MEDICAL ASSISTANCE, THIS SAME COMPONENT OF AN EIGHTH
AMENDMENT VIOLATION IS SATISFIED BY ESTABLISHING AN OBJECTIVE
SERIOUS MEDICAL NEED.  A MEDICAL NEED, WHICH CAN INCLUDE A MENTAL
HEALTH NEED OR A PHYSICAL NEED, IS SERIOUS IF IT IS ONE THAT HAS
BEEN DIAGNOSED BY A PHYSICIAN AS MANDATING TREATMENT, OR ONE THAT
IS SO OBVIOUS THAT EVEN A LAY PERSON WOULD EASILY RECOGNIZE THE
NECESSITY FOR A DOCTOR'S ATTENTION.  THE SERIOUSNESS OF A
PRETRIAL DETAINEE'S MEDICAL NEEDS MAY ALSO BE EXAMINED WITH
REFERENCE TO THE EFFECT OF THE DELAY OF TREATMENT.  TO PROVIDE
YOU AN EXAMPLE, VISIBLE BRUISES AFTER A BEATING THAT REQUIRE A
SLING OR A FRACTURE ARE NOT NECESSARILY SUFFICIENTLY SERIOUS TO
DEMAND IMMEDIATE TREATMENT SUCH THAT A TEN HOUR DELAY IN
RECEIVING SUCH TREATMENT WOULD HAVE CAUSED THE PLAINTIFF HARM.
FINALLY, YOU SHOULD ALSO RECOGNIZE THAT A SERIOUS MEDICAL NEED IS
NOT LIMITED TO A SERIOUS PHYSICAL MEDICAL NEED BUT ALSO
ENCOMPASSES A PRETRIAL DETAINEE'S SERIOUS MENTAL HEALTH NEEDS OR
SERIOUS PSYCHOLOGICAL NEEDS.

NOW, TURNING TO THE "DELIBERATE INDIFFERENCE" COMPONENT OF
AN EIGHTH AMENDMENT VIOLATION, THIS IS A SUBJECTIVE STANDARD.  IT
IS A STATE OF MIND REQUIREMENT WHEREIN YOU SHOULD EXAMINE AND

18

DETERMINE THE SUBJECTIVE BELIEFS OF DEFENDANTS O'BRIEN, NICHOL

AND TOBIN.   A POLICE OFFICER MUST HAVE A SUFFICIENTLY SUBJECTIVE

CULPABLE STATE OF MIND IN ORDER TO BE FOUND LIABLE UNDER THIS

COMPONENT.   AS I PREVIOUSLY INDICATED, THAT STATE OF MIND IS WHAT

THE LAW CALLS ONE OF DELIBERATE INDIFFERENCE TO THE PRETRIAL

DETAINEE'S HEALTH AND SAFETY.

THE "DELIBERATE INDIFFERENCE" COMPONENT ITSELF HAS SEVERAL

SUBPARTS.   THE "DELIBERATE" SUBPART OF DELIBERATE INDIFFERENCE

REQUIRES YOU TO FIND THAT THE INDIVIDUAL OFFICERS SUBJECTIVELY

WERE AWARE OF FACTS FROM WHICH THE INFERENCE COULD BE DRAWN THAT

A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS AND, SECONDLY, THEY

MUST DRAW THE INFERENCE.   YOU MUST FIND THAT THE INDIVIDUAL

OFFICERS HAD AN ACTUAL, SUBJECTIVE APPRECIATION OF THE

SUBSTANTIAL RISK OF SERIOUS HARM POSED TO CHARLES SYLVA.   THE

FOCUS IS UPON WHAT THE INDIVIDUAL OFFICERS ACTUALLY KNEW AND THE

INFORMATION THEY ACTUALLY RECEIVED AS OPPOSED TO WHAT THEY SHOULD

HAVE KNOWN IF THEY HAD MADE A REASONABLE INQUIRY.   IT IS NOT

ENOUGH THAT A REASONABLE POLICE OFFICER WOULD HAVE KNOWN OF A

SUBSTANTIAL RISK OF SERIOUS SELF INFLICTED HARM OR THAT THE

POLICE OFFICERS SHOULD HAVE KNOWN.   IN DETERMINING WHETHER THE

INDIVIDUAL OFFICERS KNEW OF THE SUBSTANTIAL RISK OF SERIOUS HARM

TO THE PRETRIAL DETAINEE, HOWEVER, YOU MAY CONCLUDE THAT A POLICE

OFFICER KNEW OF THAT SUBSTANTIAL RISK FROM THE VERY FACT THAT THE

RISK WAS OBVIOUS.   IN RESPONSE TO AN OBVIOUS RISK, IF ANY, THE
INDIVIDUAL OFFICERS THEN MAY SHOW THAT EVEN IF THE RISK WAS
OBVIOUS TO OTHERS, IT WAS NOT OBVIOUS TO THEM ALTHOUGH THE
OFFICERS MAY NOT ESCAPE LIABILITY IF THEY REFUSED TO CONFIRM
INFERENCES THAT THEY STRONGLY SUSPECTED TO EXIST.

DELIBERATE INDIFFERENCE IS A STATE OF MIND THAT IS MORE THAN
NEGLIGENCE.   IF YOU FIND THAT THE ACTS OF THE DEFENDANT OFFICERS
WERE MERELY NEGLIGENT, THEN, EVEN IF YOU FIND THAT THE PLAINTIFF
WAS INJURED AS A RESULT OF THOSE ACTS, YOU MUST RETURN A VERDICT
FOR THE DEFENDANT OFFICERS.

THE PLAINTIFF DOES NOT, HOWEVER, NEED TO SHOW THAT THE
INDIVIDUAL OFFICERS ACTED OR FAILED TO ACT WITH THE VERY PURPOSE
OF CAUSING HARM OR WITH KNOWLEDGE THAT HARM WILL RESULT.   RATHER,
THE STANDARD IS MORE AKIN TO CRIMINAL RECKLESSNESS OR WILFUL
BLINDNESS.   IT IS DIRECTED AT A STATE OF MIND WHEREIN THE
INDIVIDUAL OFFICERS CULPABLY IGNORED OR TURNED AWAY FROM WHAT WAS
OTHERWISE APPARENT OR OBVIOUS.   IN OTHER WORDS, THE PLAINTIFF
MUST DEMONSTRATE THE INDIVIDUAL OFFICERS' ACTUAL KNOWLEDGE OF OR,
AT LEAST, WILLFUL BLINDNESS TO THAT ELEVATED RISK.

AS I INSTRUCTED YOU PREVIOUSLY, THERE MUST BE A SHOWING THAT
THE INDIVIDUAL OFFICERS WERE BOTH AWARE OF FACTS FROM WHICH THE
INFERENCE OF A SUBSTANTIAL RISK OF SERIOUS HARM COULD BE DRAWN
AND THEY MUST DRAW THAT INFERENCE.   THIS REQUIRED KNOWLEDGE OF A

SUBSTANTIAL RISK OF SERIOUS HARM MAY BE PROVEN BY DIRECT OR
CIRCUMSTANTIAL EVIDENCE.

EVEN IF THE PLAINTIFF SHOWS THAT THE INDIVIDUAL OFFICERS
WERE BOTH AWARE OF FACTS FROM WHICH TO DRAW THE AFOREMENTIONED
INFERENCE AND THEY DREW THAT INFERENCE, THE PLAINTIFF MUST IN
ADDITION ESTABLISH THAT THE INDIVIDUAL OFFICERS WERE
"INDIFFERENT" TO THAT KNOWN RISK.  THE PLAINTIFF CANNOT ESTABLISH
THE NECESSARY EIGHTH AMENDMENT VIOLATION UNLESS HE SHOWS THAT ONE
OR MORE OF THE POLICE OFFICERS WERE "INDIFFERENT."  IN OTHER
WORDS, THE PLAINTIFF MUST THEREFORE SHOW BY A PREPONDERANCE OF
THE EVIDENCE THAT THE INDIVIDUAL OFFICERS FAILED TO TAKE
REASONABLE MEASURES TO AVERT THE POTENTIAL HARM.  CONSEQUENTLY,
IF THE INDIVIDUAL OFFICERS FAILED TO TAKE OBVIOUS STEPS TO
ADDRESS THAT KNOWN, SERIOUS RISK THEN YOU MAY FIND THAT THEY
RESPONDED UNREASONABLY TO THE RISK AND WERE, ACCORDINGLY,
"INDIFFERENT."  CONVERSELY, IF THE INDIVIDUAL OFFICERS RESPONDED
IN A REASONABLE MANNER TO THE KNOWN RISK THEN THEY WERE NOT
INDIFFERENT AND ARE NOT LIABLE.  YOU SHOULD EXAMINE THE TOTALITY
OF THE CIRCUMSTANCES INCLUDING WHAT THE INDIVIDUAL OFFICERS KNEW
AND THE INFORMATION THEY RECEIVED AS OPPOSED TO THE INFORMATION
THEY DID NOT RECEIVE.

### COMPENSATORY DAMAGES UNDER SECTION 1983

I WILL NOW INSTRUCT ON THE ISSUE OF DAMAGES.  THE FACT THAT
I AM INSTRUCTING YOU ON THE ISSUE OF DAMAGES SHOULD NOT BE
UNDERSTOOD AS AN OPINION BY ME AS TO WHETHER DAMAGES SHOULD OR
SHOULD NOT BE ALLOWED.  THIS IS SOLELY A MATTER WITHIN YOUR
DISCRETION IN ACCORDANCE WITH THE RULES OF LAW THAT I AM NOW
GIVING YOU.

IN THE EVENT YOU FIND IN FAVOR OF THE PLAINTIFF ON THE
SECTION 1983 CLAIM AGAINST THE INDIVIDUAL OFFICERS, THEN YOU MAY
AWARD THE PLAINTIFF SUCH SUM AS YOU BELIEVE WILL FAIRLY AND
REASONABLY COMPENSATE THE PLAINTIFF FOR ANY DAMAGES THAT YOU
DETERMINE ARE CAUSED BY THE INDIVIDUAL OFFICERS' MISCONDUCT.
SUCH DAMAGES ARE TERMED COMPENSATORY DAMAGES.  THEY ARE DESIGNED
TO PROVIDE COMPENSATION FOR THE INJURY CAUSED TO CHARLES SYLVA BY
THE INDIVIDUAL OFFICERS' CONDUCT IN DEPRIVING CHARLES SYLVA OF
HIS CIVIL RIGHTS.

I CAUTION YOU THAT COMPENSATORY DAMAGES ARE ONLY AVAILABLE
UNDER THE PLAINTIFF'S SECTION 1983 CLAIM IF THE PLAINTIFF
ESTABLISHES AN ACTUAL INJURY CAUSED BY THE DENIAL OF CHARLES
SYLVA'S CONSTITUTIONAL RIGHTS.  IF YOU FIND THAT CHARLES SYLVA
SUFFERED NO SUCH ACTUAL INJURY, THEN YOU SHOULD NOT AWARD THE
PLAINTIFF COMPENSATORY DAMAGES.  WHAT I AM ASKING YOU TO DO IS TO
FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THE HARM OR

22

LOSS RESULTING FROM AN ACTUAL INJURY.  AN AWARD OF COMPENSATORY

DAMAGES SHOULD NOT INCLUDE A SUM BASED ON THE VALUE OF THE

CONSTITUTIONAL RIGHT AT ISSUE.  COMPENSATORY DAMAGES BASED ON THE

ABSTRACT VALUE OR IMPORTANCE OF CONSTITUTIONAL RIGHTS ARE NOT

PERMISSIBLE.

IN ORDER TO ESTABLISH THE NECESSARY CAUSATION OF DAMAGES IN

A SECTION 1983 LAWSUIT, THE PLAINTIFF MUST SHOW BY A

PREPONDERANCE OF THE EVIDENCE THAT THE CONDUCT ON THE PART OF THE

INDIVIDUAL OFFICERS WAS BOTH A CAUSE IN FACT AND A PROXIMATE OR

LEGALLY SIGNIFICANT CAUSE OF THE INJURIES SUFFERED.

PROXIMATE CAUSE IS A SUBSTANTIAL CAUSE.  AN INJURY OR DAMAGE

IS PROXIMATELY CAUSED BY AN ACT OR BY A FAILURE TO ACT WHENEVER

IT APPEARS FROM THE EVIDENCE IN THE CASE THAT THE ACT OR OMISSION

PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING

THE INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A

DIRECT RESULT OR A REASONABLE PROBABLE CONSEQUENCE OF THE ACT OR

OF THE OMISSION.  ESTABLISHING PROXIMATE CAUSE THUS REQUIRES THE

PLAINTIFF TO ESTABLISH THAT THE INJURY WAS REASONABLY FORESEEABLE

TO THE INDIVIDUAL OFFICER IN QUESTION.

THE PLAINTIFF MUST SHOW ACTUAL CAUSATION, THAT IS, THAT THE

POLICE OFFICERS' CONDUCT WAS A "BUT-FOR" CAUSE OF THE INJURY AND

THAT THEIR ACT OR OMISSION PLAYED A SUBSTANTIAL PART IN BRINGING

ABOUT CHARLES SYLVA'S INJURY.  ACTUAL CAUSATION OF AN INJURY IS

GENERALLY DEFINED AS THAT CAUSE WHICH IN CONTINUOUS SEQUENCE,

UNBROKEN BY ANY EFFICIENT, INTERVENING CAUSE, PRODUCES AN EVENT

WITHOUT WHICH THE ACCIDENT WOULD NOT HAVE OCCURRED.    THE

INDIVIDUAL OFFICERS WILL NOT, HOWEVER, BE RELIEVED OF LIABILITY

FOR THEIR CONDUCT BY AN INTERVENING CAUSE THAT WAS REASONABLY

FORESEEABLE, EVEN IF THE INTERVENING FORCE MAY HAVE DIRECTLY

CAUSED THE HARM.  AN UNFORESEEN AND ABNORMAL INTERVENTION, ON THE

OTHER HAND, BREAKS THE CHAIN OF CAUSALITY, THUS SHIELDING THE

INDIVIDUAL OFFICERS FROM LIABILITY.

THIS IS NOT TO SAY THAT THERE CAN ONLY BE ONE PROXIMATE

CAUSE OF AN INJURY.  ON THE CONTRARY, MANY FACTORS OR THINGS, OR

THE CONDUCT OF TWO OR MORE PERSONS, MAY OPERATE AT THE SAME TIME,

EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE AND

IN SUCH A CASE, EACH MAY BE A PROXIMATE CAUSE.  SIMPLY BECAUSE

ANOTHER PERSON'S CONDUCT WAS ALSO A FACTOR IN CAUSING THE INJURY

DOES NOT RELIEVE ANOTHER PARTY OF LIABILITY IF THAT PARTY'S

CONDUCT PLAYED A SUBSTANTIAL PART IN CAUSING THE INJURY.

CAUSATION IS SOMETHING THAT YOU LOOK AT SEPARATELY.  THE

MERE FACT THAT THERE WAS AN INJURY IS NOT SUFFICIENT TO ESTABLISH

THAT CONDUCT OF THE INDIVIDUAL OFFICERS PROXIMATELY CAUSED

CHARLES SYLVA'S INJURY.  THUS, YOU MAY ONLY MAKE AN AWARD OF

24

COMPENSATORY DAMAGES IF YOU FIND THIS NECESSARY CAUSAL

CONNECTION.

I ALSO ADVISE YOU THAT DAMAGES MUST BE REASONABLE.  YOU ARE

NOT PERMITTED TO AWARD SPECULATIVE DAMAGES.  SO YOU ARE NOT TO

INCLUDE IN ANY VERDICT COMPENSATION FOR ANY PROSPECTIVE LOSS

WHICH, ALTHOUGH POSSIBLE, IS NOT REASONABLY CERTAIN TO OCCUR IN

THE FUTURE.  THE QUESTION OF DAMAGES IS NOT AN OPPORTUNITY TO

SPECULATE OR ENGAGE IN CONJECTURE.

FINALLY, IN THE EVENT YOU DECIDE TO MAKE AN AWARD OF

COMPENSATORY DAMAGES UNDER SECTION 1983, YOU MAY, IN YOUR

DISCRETION, ALSO CHOOSE TO AWARD PREJUDGMENT INTEREST ON THAT

AWARD.  IT IS ENTIRELY IN YOUR DISCRETION WHETHER TO AWARD

PREJUDGMENT INTEREST IN ORDER TO COMPENSATE THE PLAINTIFF FULLY.

THUS, YOU MAY DECIDE THAT THE DAMAGES AWARD ALREADY COMPENSATES

THE PLAINTIFF FULLY AND, ACCORDINGLY, DECIDE THAT AN AWARD OF

PREJUDGMENT INTEREST IS NOT NECESSARY.

YOU SHOULD NOT, HOWEVER, AWARD PREJUDGMENT INTEREST ON ANY

FUTURE DAMAGES WHICH YOU MAY HAVE FOUND.  THE GENERAL PURPOSE FOR

AWARDING PREJUDGMENT INTEREST, SHOULD YOU DEEM SUCH AN AWARD

APPROPRIATE IN YOUR DISCRETION, IS TO COMPENSATE THE PLAINTIFF

FOR THE DELAY IN RECEIVING THE MONEY DAMAGES SO THAT THE

PLAINTIFF MAY BE MADE WHOLE.

QUESTION FOUR IN THE VERDICT FORM THEREFORE ASKS WHETHER, IN

YOUR DISCRETION, YOU CHOOSE TO MAKE AN AWARD OF PREJUDGMENT INTEREST UP TO THE PRESENT ON THE AMOUNT OF THOSE PAST LOSSES CAUSED BY THE DELIBERATE INDIFFERENCE OF THE INDIVIDUAL OFFICERS. IF YOU CHOOSE TO AWARD PREJUDGMENT INTEREST, THEN QUESTION FIVE ASKS YOU TO DETERMINE THE INTEREST RATE.  IN ANSWER TO QUESTION FIVE, YOU CAN INDICATE A PERCENTAGE WHICH YOU THINK IS MOST APPROPRIATE.  THE INTEREST RATE, HOWEVER, SHOULD NOT EXCEED 12 PERCENT.  IF YOU DECIDE TO AWARD PREJUDGMENT INTEREST, YOU SHOULD NOT CALCULATE THE AMOUNT OR INCLUDE THE AMOUNT IN YOUR ANSWER TO QUESTION THREE.  THE ACTUAL SUM AT THE INTEREST RATE YOU DETERMINE WILL BE COMPUTED BY THE CLERK.

WITH THESE PRINCIPLES IN MIND, YOU MAY AWARD THE PLAINTIFF, AS THE ADMINISTRATOR OF THE ESTATE OF CHARLES SILVA, DAMAGES EQUIVALENT TO THE FAIR MONETARY VALUE OF THE DECEDENT TO HIS NEXT OF KIN, WHO ARE HIS EIGHT SIBLINGS, AS WELL AS ANY PAIN AND SUFFERING CHARLES SILVA MAY HAVE EXPERIENCED PRIOR TO HIS DEATH.

THE ELEMENTS OF A COMPENSATORY DAMAGES AWARD THAT THE PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF CHARLES SILVA, IS ENTITLED TO RECOVER ARE THE FOLLOWING:

(1) THE FAIR MONETARY VALUE OF THE DECEDENT TO HIS NEXT OF KIN, WHO ARE HIS EIGHT SIBLINGS, INCLUDING BUT NOT LIMITED TO COMPENSATION FOR THE LOSS OF THE SERVICES, PROTECTION, CARE, ASSISTANCE, SOCIETY, COMPANIONSHIP, COMFORT, GUIDANCE, COUNSEL,

26

AND ADVICE OF THE DECEDENT TO THE ABOVE PERSONS WHICH THEY COULD REASONABLY HAVE EXPECTED TO RECEIVE FROM THE DECEDENT WERE IT NOT FOR THE WRONGFUL DEATH; AND

(2) THE PAIN AND SUFFERING, IF ANY, EXPERIENCED BY CHARLES SILVA PRIOR TO HIS DEATH THAT WAS PROXIMATELY CAUSED BY THE DELIBERATE INDIFFERENCE OF THE INDIVIDUAL OFFICERS.

QUESTION THREE IN THE VERDICT FORM IS THE DAMAGES QUESTION AND IT ASKS YOU TO DETERMINE THESE CATEGORIES OR COMPONENTS SEPARATELY. THE QUESTION THUS ASKS YOU, FIRST, TO DETERMINE THE AMOUNT, IF ANY, APPLICABLE TO THE FIRST CATEGORY OR COMPONENT OF A DAMAGES AWARD FOR THE FAIR MONETARY VALUE OF THE DECEDENT TO HIS NEXT OF KIN AND, SECOND, TO DETERMINE A SEPARATE AMOUNT, IF ANY, FOR THE SECOND CATEGORY OR COMPONENT OF A DAMAGES AWARD FOR THE PAIN AND SUFFERING EXPERIENCED BY CHARLES SYLVA PRIOR TO HIS DEATH.

I FURTHER INSTRUCT YOU THAT SUCH DAMAGES DO NOT INCLUDE THE COMPONENTS OF THE GRIEF, MENTAL ANGUISH AND BEREAVEMENT EXPERIENCED BY THE SURVIVORS. SUCH GRIEF, ANGUISH, AND BEREAVEMENT AS ONE MAY NORMALLY EXPECT UPON THE DEATH OF A RELATIVE SHOULD NOT BE INCLUDED AS PART OF ANY DAMAGES AWARD.

THIS LIST OF VALUES, HOWEVER, IS NOT EXCLUSIVE. IN DETERMINING THE FAIR MONETARY VALUE OF THE DECEDENT TO HIS NEXT OF KIN YOU SHOULD TAKE INTO CONSIDERATION ALL OF THE RELEVANT

FACTS AND CIRCUMSTANCES.   IN CASES WHERE THE SURVIVORS CONSIST OF MORE THAN A SINGLE INDIVIDUAL, YOU MAY MAKE A SEPARATE DETERMINATION OF THE FAIR MONETARY VALUE OF THE DECEDENT TO EACH SURVIVOR.   YOU SHOULD BEGIN WITH A PRESUMPTION THAT THE VALUE OF THE DECEDENT TO EACH OF THE MULTIPLE SURVIVORS IS EQUAL, BUT IF THERE IS CREDIBLE EVIDENCE, AND YOU SO FIND, THAT THE DECEDENT'S VALUE TO ONE OR MORE OF HIS NEXT OF KIN WAS GREATER THAN HIS VALUE TO OTHERS, SEPARATE DETERMINATIONS OF VALUE SHOULD BE MADE.

## UNANIMOUS VERDICT AND CONCLUSION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE THERETO. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND BE YOUR SPOKESPERSON HERE IN COURT. A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THE VERDICT FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE THE FOREPERSON FILL IT IN, DATE AND SIGN IT, AND THEN RETURN TO THE COURTROOM.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE MARSHAL WHO WILL BRING IT TO MY ATTENTION.  I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT TIME.